**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Earl PONDER, Jr., Defendant–Appellant.**

**No. 91–8374.**

United States Court of Appeals, Eleventh Circuit.

June 26, 1992.

---

M. Lynn Young (court appointed), Gainesville, Ga., for defendant-appellant.

William L. McKinnon, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before KRAVITCH and DUBINA, Circuit Judges, and RONEY, Senior Circuit Judge.

RONEY, Senior Circuit Judge:

This appeal concerns the propriety of defendant Robert Earl Ponder, Jr.'s 38–month sentence for his two count convic-

tion for possession of marijuana and methamphetamine with intent to distribute in violation of 21 U.S.C. § 841. At the time Ponder committed these offenses, he was incarcerated at the Gilmer County jail for violating probation. Immediately upon being incarcerated, Ponder was made a jail trustee. This status enabled him to move more freely about the jail facility than other inmates. While serving his sentence, Ponder had obtained drugs from his father, smuggled them into the jail, and distributed them to other inmates.

Because of the relatively small amounts of drugs involved, defendant's base offense level was calculated to be a level 12. *See* United States Sentencing Commission, *Guidelines Manual,* § 2D1.1 (Nov. 1991). At the sentencing hearing the Government moved for an upward departure, arguing that the Sentencing Guidelines failed to properly account for the fact that defendant's conduct occurred while he was an inmate in a jail facility. U.S.S.G. § 5K2.0, p.s. The Government also objected to the failure of the presentence report to assess a two level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust. The district court added a six level enhancement, noting that the distribution of drugs in a jail was a more serious offense than distribution on the streets, and that this conduct is not addressed by the guidelines. The court chose a six level enhancement by comparing Ponder's conduct to that covered by 18 U.S.C. § 1791 and U.S.S.G. § 2P1.2(a)(3), which sets a base offense level of six for providing or possessing contraband in a federal penal facility.

We affirm the sentence imposed by the district court against defendant's following assertions on appeal:

*First,* that the district court improperly imposed a greater sentence than provided for in the Sentencing Guidelines based on information revealed in a related case in which defendant was not named as a party;

*Second,* that the district court's six level enhancement based on defendant's incarceration at the time of the offense was improper since this factor was adequately

taken into consideration in assigning defendant's criminal history category; and

*Third,* that the district court's upward departure was unreasonable.

### Use of Information from Related Case

■ Ponder states that the district court enhanced his sentence because his crime involved part of the corruption of the sheriff's office. He argues that the overall corruption of the Gilmer County Sheriff's Office was known to the district court through another case in which Ponder was not a defendant.

■ A sentencing court may consider evidence established at another trial if it follows the procedural safeguards incorporated in section 6A1.3 of the Sentencing Guidelines. *U.S. v. Castellanos,* 904 F.2d 1490, 1496 (11th Cir.1990). Section 6A1.3, as a procedural requirement, gives a defendant the right to respond to information offered against him. U.S.S.G. § 6A1.3. *See Burns v. U.S.,* — U.S. —, 111 S.Ct. 2182, 115 L.Ed.2d 123 (1991).

The defendant's argument here fails for three reasons. *First,* the record reflects that although the sentencing court stated it was influenced by the fact that "an additional aggravating factor in the corruption of the sheriff's office as being part of it," it then stated unequivocally "but I'll not add any additional enhancement because of that." Since the district court did not enhance Ponder's sentence because of this fact, there is no basis for reversal of the district court's sentence.

*Second,* it appears from the record that Ponder did have sufficient notice to have responded to this information. The presentence report specifically noted that Ponder's father was involved in drug trafficking and was making payments to members of the Gilmer County Sheriff's Department for protection against arrest. It further stated that while Ponder was incarcerated, he was being supplied methamphetamine and marijuana by his father. All of this information was included under the heading "The Offense Conduct." This information in the presentence report was suffi-

cient to put Ponder on notice that the court could consider the information when fashioning a sentence.

Ponder had a number of opportunities to respond to the information in the report. He did not object to the inclusion of the information concerning corruption at the sheriff's office, nor did he attempt to challenge the reliability of the evidence. At the sentencing hearing, given an opportunity to respond to anything contained in the presentence report, counsel for Ponder stated that there was nothing she wished to address. When the court stated that it was influenced by Ponder's involvement in the corruption in the sheriff's office, no objection was made. Counsel argued that Ponder is not responsible for keeping the officials from being corrupt. There was no objection made to the court's procedure.

*Third,* it appears there was evidence in Ponder's trial that his crime involved corruption in the sheriff's office. The presentence report noted that testimony at Ponder's trial indicated that deputies working in the jail knew about drug use among inmates but took no action to end it. Thus, the court's information could have been gleaned by inference from Ponder's trial without reliance on the trial in which Ponder was not a party.

### Enhancement Based on Incarceration at Time of Offense

■ Ponder argues that the six level upward departure imposed by the district court was not justified because Ponder's status of imprisonment was adequately taken into consideration by the guidelines. Two criminal history points were assessed to Ponder for being under a criminal justice sentence at the time of the instant offense. Section 4A1.1(d) of the guidelines provides for the addition of two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d).

In addition to these criminal history points, the district court found that Ponder's base offense level did not adequately

reflect the seriousness of his instant criminal conduct, that is, possessing marijuana and methamphetamine with intent to distribute *inside a jail facility.* Relying on section 5K2.0 of the guidelines, the court then looked to U.S.S.G. § 2P1.2 for guidance in calculating the upward departure, and enhanced Ponder's base offense level from level 12 to a level 18. With a base offense level of 18 and a criminal history category of III, the sentencing range for Ponder increased from 15–21 months to 33–41 months. The court imposed a sentence of 38 months.

Ponder contends that U.S.S.G. § 4A1.1(d) adequately addresses the circumstances of Ponder's conviction, so the six level enhancement imposed by the district court because he was distributing drugs inside a jail facility when incarcerated was not justified.

■ The question of whether the guidelines adequately consider a particular factor so as to preclude a district court from relying upon it as a basis for departure is a question of law subject to *de novo* review. *United States v. Kramer,* 943 F.2d 1543 (11th Cir.1991); *United States v. Weaver,* 920 F.2d 1570, 1573 (11th Cir. 1991). The district court, in determining whether the circumstances were adequately taken into account by the guidelines, may consider only the guidelines, policy statements, and official commentaries. 18 U.S.C. § 3553(b).

■ The sentencing court may impose a sentence outside the range established by the guidelines "if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.' " U.S.S.G. § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)). Thus if the guidelines adequately consider the particular factor that the district court relied on in departing, the upward departure cannot stand. If, however, the circumstances were of a kind or degree not adequately considered by the Sentencing

Commission, an upward departure may be justified. *United States v. Williams*, 948 F.2d 706, 708 (11th Cir.1991); *Weaver*, 920 F.2d at 1573. The Sentencing Guidelines are intended to carve out a "heartland," a set of typical cases embodying the conduct that each guideline describes. *See Williams*, 948 F.2d at 709 n. 3 (quoting *United States v. Sklar*, 920 F.2d 107, 116–17 (1st Cir.1990)). The Sentencing Commission contemplated departure from the guidelines on those occasions when a court finds an atypical case where conduct significantly differs from the norm. U.S.S.G. Ch. 1, Pt. A4(b).

Although section 4A1.1(d) does allow for the addition of two criminal history points where a defendant commits an offense while imprisoned under a previously imposed criminal justice sentence, the guidelines commentary indicates that the purpose of this provision is merely to account for the recency of the subsequent crime. U.S.S.G. § 4A1.1, comment. (backg'd).[1] There is no indication that the Sentencing Commission took into consideration the serious nature of distributing drugs within a jail facility itself. Thus, the two criminal history points assessed against Ponder addressed only the short amount of time that had passed since his prior conviction.

Ponder was convicted of possession of marijuana and methamphetamine with intent to distribute. In the typical case, this conduct would have occurred on the streets rather than within a jail. Because Ponder's crime involved atypical conduct, and because the serious nature of defendant's conduct was not adequately taken into account under the guidelines, the district court was not precluded from imposing an upward departure.

*Reasonableness of Upward Departure*

 Even if the guidelines do not adequately address the seriousness of Ponder's conduct so that some upward departure would be in order, the district court's six level departure should be set aside if it is unreasonable. 18 U.S.C. § 3742(e); *United States v. Simmons*, 924 F.2d 187 (11th Cir.1991). Ponder contends that it is unreasonable to add a six level enhancement and impose a sentence of 38 months imprisonment. His total offense level of 12 and his criminal history category as III would result in a guideline range of 15 to 21 months.

The court chose a six level enhancement by referring to U.S.S.G. § 2P1.2, which sets the base offense levels for violations of 18 U.S.C. § 1791. Section 1791 prohibits the provision or possession of controlled substances, including marijuana and methamphetamine, inside a federal prison facility. Under U.S.S.G. § 2P1.2(a)(3), the base offense level for providing or possessing marijuana and methamphetamine is a level six.

Ponder asserts that this six level departure from the guidelines was not reasonable because the departure was based on an offense for which he had not been convicted. He further argues that the enhancement would be improper even if he had been convicted of violating both 18 U.S.C. § 1791 and 21 U.S.C. § 841, because under those circumstances the multiple count provisions of the guidelines would apply, and no enhancement would be appropriate. *See* U.S.S.G. §§ 3D1.2 and 3D1.3. Although the guidelines specifically exclude section 2P1.2 from the operation of the multiple count provisions, Ponder contends that grouping applies nonetheless because his conviction for possession of marijuana and methamphetamine with intent to distribute is essentially a lesser included offense. Thus, any enhancement based on the greater offense, possession within a prison, is unreasonable.

The Government maintains that the enhancement was reasonable because the comment to section 2P1.2 states that a sentence imposed for a violation of section 1791 should be consecutive to the sentence

---

**1.** The background commentary to § 4A1.1(d) provides:

Section 4A1.1(d) implements one measure of recency by adding two points if the defendant was under a criminal justice sentence during any part of the instant offense.

U.S.S.G. § 4A1.1, comment. (backg'd).

being served at the time of the violation. Additionally, the Government asserts that the six level upward departure is in keeping with the statutory direction of 18 U.S.C. § 3553(a)(2)(A) that the sentence imposed reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the crime committed.

■ The Sentencing Guidelines "were not intended to relegate the sentencing judge to the role of a scrivener whose only function is to tally the pluses and minuses prescribed in the guidelines and produce a bottom line sentence." *Weaver*, 920 F.2d at 1577. Our review of the reasonableness of the departure must be made in light of the factors to be considered in imposing a sentence, as set forth in 18 U.S.C.A. § 3553(a), and the reasons for the imposition of the sentence as stated by the district court, giving due deference to the district court's application of the guidelines to the facts. *Simmons*, 924 F.2d at 191.

If Ponder were convicted under a separate count for violation of section 1791, that count would not be grouped with his counts based on section 841. The offenses would not be grouped under U.S.S.G. § 3D1.2(a) or (b) because the offenses do not involve the same victims. Although the victims of Ponder's conduct are societal interests in both cases, the counts are only grouped together when the societal interests that are harmed are closely related. U.S.S.G. § 3D1.2, comment. (n. 2). The societal interest harmed by a violation of section 841 is the interest in protecting society at large from the harmful affects of controlled substances. The societal interest that is harmed when section 1791 is violated, however, is the interest in maintaining order and stability within a prison facility. Since different societal interests are harmed under the two counts, the counts need not be grouped together under section 3D2.1(a) or (b) of the guidelines.

Ponder also argues that the two counts would be grouped under section 3D2.1(d), which covers the grouping of counts where the offense level is determined largely on the basis of the quantity of a substance involved. This argument is unpersuasive. First, although the offense level for a violation of section 841 is determined by the amount of the substance involved, the offense level for a violation of section 1791 is not. Second, section 2P1.2 is specifically excluded from the operation of section 3D2.1(d). Ponder contends that this exclusion does not apply here because section 2P1.2 merely punishes for a lesser included crime. The guidelines state that grouping is not appropriate where the additional count represents "additional conduct that is not otherwise accounted for by the guidelines." U.S.S.G. Ch. 3, Pt. D, intro. comment. Because the factor of possession and distribution within a prison may be considered additional conduct not accounted for by the guidelines in section 2D1.1, counts for violations of both 21 U.S.C. § 841 and 18 U.S.C. § 1791 would not be grouped.

Ponder further argues that the six level enhancement was unreasonable because it led to the imposition of a sentence that was higher than he would have received if he were convicted only for a violation of section 1791. While it is true that the base offense level for providing and possessing marijuana and methamphetamine in prison in violation of section 1791 is a level six, Ponder has overlooked the fact that a district court would then be free to enhance the sentence if it determined that the guidelines do not adequately consider the circumstances of a given case.

There were a number of circumstances surrounding Ponder's offense that might justify an upward departure. First, there was evidence before the court concerning Ponder's role in the overall corruption in the sheriff's office. Second, there was evidence that Ponder abused his position of trust in a manner that facilitated the commission of his offense. Under U.S.S.G. § 3B1.3, this would allow the court to increase the sentence by two levels. Third, an enhancement might be appropriate since section 1791(a) does not completely cover the circumstance of an inmate providing

contraband to another inmate.[2] Although section 1791(a)(1) prohibits anyone from providing contraband to an inmate, this provision would apply equally to non-inmates as well as to inmates. Section 1791(a)(2) prohibits inmates from possessing contraband but does not speak to distribution. Section 2P1.2 of the sentencing guidelines sets the base offense levels for violations of either subsection (a)(1) or (a)(2). According to section 2P1.2, there would be no difference in punishment under subsection (a)(1) based on whether the provider was an inmate or a non-inmate, or under (a)(2) based on whether or not the inmate in possession was also involved in distribution. Thus a district court could find that an enhancement would be appropriate since the guidelines do not adequately consider the situation before us of a violation of both subsections (a)(1) and (a)(2).

Finally, the guidelines set the base offense levels for section 1791 violations without making adjustments for the amount of drugs involved in the crime. The base offense level for a defendant who provides or possesses marijuana and methamphetamine is a level six regardless of whether the amount involved is minute or substantial. Thus an enhancement based on the amount of drugs involved in the offense might be appropriate. *Cf. United States Sentencing Commission, 1992 Questions Most Frequently Asked About the Sentencing Guidelines* 3 (since the simple possession guideline [section 2D2.1] does not utilize the amount of drugs [except for cocaine base] to determine the relevant offense level, the amount may be considered in determining whether a departure is appropriate). In setting the level of departure, it would not be unreasonable for the sentencing court to look for guidance to the Drug Quantity Table at section 2D1.1.

Even if Ponder were convicted and sentenced under 18 U.S.C. § 1791 rather than 21 U.S.C. § 841, it is not unlikely that upward departure from the base offense level of six would lead to a sentence similar to the 38 months he actually received. Affording the district court's decision the deference to which it is due, we conclude that the district court's departure from the guidelines was not unreasonable.

AFFIRMED.

---

**2.** 18 U.S.C. § 1791(a) provides:
 Offense. —Whoever—
 (1) in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object, or attempts to do so; or

(2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object;
shall be punished as provided in subsection (b) of this section.