[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15845

_____

D.C. Docket No. 04-60001-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

ADHAM AMIN HASSOUN,
KIFAH WAEL JAYYOUSI,
a.k.a. Abu Mohamed,
JOSE PADILLA,
a.k.a. Ibrahim,
a.k.a. Abu Abdullah Al Mujahir,
a.k.a. Abu Abu Abdullah the Puerto Rican,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 30, 2007)

Before EDMONDSON, Chief Judge, TJOFLAT and GIBSON,[*] Circuit Judges.

TJOFLAT, Circuit Judge:

The Government appeals the dismissal of Count One of a superseding indictment that charges the defendants with various crimes arising from their alleged participation in a "support cell" with the aim of "promot[ing] violent jihad" as espoused by a "radical Islamic fundamentalist movement."  The district court ruled that Count One was multiplicitous of Counts Two and Three – that is, that the superseding indictment charged the same offense in all three counts in violation of the defendants' rights against double jeopardy under the Fifth Amendment to the United States Constitution.  For the reasons set forth below, we reverse the decision of the district court.

## I.

On November 15, 2005, a grand jury in the Southern District of Florida returned an eleven-count superseding indictment against five individuals, three of whom – Adham Amin Hassoun, Kifah Wael Jayyousi, and Jose Padilla – are the respondents in this appeal.  Counts One, Two, and Three are those relevant here, and for convenience of discussion we summarize them each slightly out of

_____

[*]Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

2

numerical order.  Count One charges the defendants with violating 18 U.S.C. § 956(a)(1),[1] alleging that they conspired to commit acts of murder, kidnapping, and maiming outside the United States and that they committed one or more overt acts in the United States in furtherance thereof.[2]  Count Three charges the defendants with violating 18 U.S.C. § 2339A(a) by providing material support and resources,[3]

---

[1] 18 U.S.C. § 956(a)(1) provides:
> Whoever, within the jurisdiction of the United States, conspires with one or more other persons, regardless of where such other person or persons are located, to commit at any place outside the United States an act that would constitute the offense of murder, kidnapping, or maiming if committed in the special maritime and territorial jurisdiction of the United States shall, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy, be punished as provided in subsection (a)(2).

[2] Count One also alleges that the defendants violated 18 U.S.C. § 2, which establishes that one who "aids, abets, counsels, commands, induces or procures" the commission of an offense, or "wilfully causes" another to perform an act that would be an offense if performed by him, is punishable as a principal.  The defendants argue that the inclusion of § 2 in the superseding indictment is material to our analysis here, but we disagree.

Section 2 does not represent a distinct offense, but rather simply codifies an alternate theory of liability inherent "in every count, whether explicit or implicit, and the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense."  United States v. Bullock, 451 F.2d 884, 888 (5th Cir. 1971).  Furthermore, a defendant can only be liable on an aiding-and-abetting theory if the Government proves that the substantive offense, which the defendant allegedly aided and abetted, was actually committed by someone else.  See United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) ("One must . . . aid or abet or procure someone else to commit a substantive offense.  One cannot aid or abet himself.").  As such, the proof required for criminal liability on an aiding-and-abetting theory requires no less than the proof required for the principal offense itself.  Accordingly, the indictment's explicit reference to § 2 does not alter the analysis under Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), which controls this case.  See infra part II.  If the principal offenses each require an element the other does not, the same will be true for counts alleging liability for those offenses under an aiding-and-abetting theory.

[3] 18 U.S.C. § 2339A(b) defines "material support or resources" as:
> any property, tangible or intangible, or service, including currency or monetary

3

and concealing and disguising the nature thereof, all with the knowledge and intent that the material support and resources be used in preparation for and carrying out a violation of § 956 (i.e., a conspiracy to murder, kidnap, or maim on foreign soil).[4]  Count Two states a charge under 18 U.S.C. § 371, which generally criminalizes conspiracies to commit offenses against the United States;[5] specifically, that count charges that the defendants conspired to violate § 2339A(a) by providing material support and resources in preparation for and carrying out a violation of § 956.  In other words, Count Two charges the defendants with conspiring to commit the substantive offense alleged in Count Three, which in

---

    instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel (1 or more individuals who may be or include oneself), and transportation, except medicine or religious materials.

 [4] 18 U.S.C. § 2339A(a) provides, in relevant part:
    Whoever provides material support or resources or conceals or disguises the nature, location, source, or ownership of material support or resources, knowing or intending that they are to be used in preparation for, or in carrying out, a violation of [one of a number of listed sections, including § 956] . . . shall be [punished as provided therein].
  Like Count One, Count Three of the indictment also alleged a violation of 18 U.S.C. § 2. For the same reason as we explained in note 2, supra, we find the inclusion of § 2 in Count Three to be immaterial to our analysis here.

 [5] 18 U.S.C. § 371 provides, in relevant part:
    If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

4

turn has as its object the offense alleged in Count One.

Defendant Padilla moved to dismiss Count One as multiplicitous of Counts Two and Three, and defendants Hassoun and Jayyousi joined in the motion. The defendants argued that the three counts essentially seek to punish them thrice for the same offense by alleging the same set of facts to prove what are, in their estimation, three indistinct charges. By its Omnibus Order of August 18, 2006, the district court granted the motion. The district court additionally denied the Government's motion for reconsideration on September 20, 2006, and the Government timely noticed its appeal.[6] We review de novo the dismissal of a count of an indictment on multiplicity grounds. See United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995) (Gibson, J.).

## II.

This appeal turns on the proper application of the familiar rule established in Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed.

---

[6] In addition to challenging the district court's multiplicity ruling on the merits, the Government also contests the remedy imposed by the district court in dismissing Count One of the superseding indictment. The Government argues that, even if the district court correctly determined that Count One was improperly multiplicitous, the court should have allowed Count One to stand and simply refrained from entering judgment on one of the multiplicitous counts if the jury ultimately returned guilty verdicts on all those counts. Because we find that the multiplicity ruling was erroneous on the merits and reverse with an instruction that the district court reinstate Count One, we need not address the Government's alternative argument as to the proper remedy.

306 (1932), that "where the same act or transaction constitutes a violation of two distinct statutory provisions," cumulative punishment may not be imposed unless "each provision requires proof of an additional fact which the other does not." Id. The rule is one of statutory construction, applied in order to gauge Congress's intent "that two statutory offenses be punished cumulatively." Albernaz v. United States, 450 U.S. 333, 337, 101 S. Ct. 1137, 1141, 67 L. Ed. 2d 275 (1981). We apply the test with a "focus[] on the statutory elements of the offense. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes." Id. at 338, 101 S. Ct. at 1142 (quoting Iannelli v. United States, 420 U.S. 770, 785 n.17, 95 S. Ct. 1284, 1293 n.17, 43 L. Ed. 2d 616 (1975)); see also United States v. Boldin, 772 F.2d 719, 729 (11th Cir. 1985).

As a preliminary matter, we note that the Blockburger elemental analysis gives rise to only a presumption of congressional intent to authorize cumulative punishments. United States v. Lanier, 920 F.2d 887, 894 (11th Cir. 1991); Boldin, 772 F.2d at 729. Our precedent instructs us that if other evidence, such as the legislative history of the relevant statutory provisions, contradicts the presumption, we are to respect Congress's express intent. See Lanier, 920 F.2d at 894; Boldin, 772 F.2d at 729. Here, both the Government and the defendants aver

that legislative history weighs in their respective favors, but we find that none of the language to which they refer provides "the clear indication of contrary legislative intent necessary" to obviate the Blockburger analysis. Lanier, 920 F.2d at 894–95 (internal quotations omitted). For example, both the Government and the defendants point to language from the legislative debate on § 2339A that suggests Congress intended that section to create criminal liability for those who provide material support to terrorist activities but who might not otherwise technically be liable under criminal conspiracy or aiding-and-abetting principles. The defendants interpret that language to mean that § 2339A was intended to serve essentially as a facilitation statute, drawing those who would materially support an object offense (such as a conspiracy to murder, kidnap, or maim) "into the net" of liability for the primary offense. The defendants' argument, however, "read[s] much into nothing." See Albernaz, 450 U.S. at 341, 101 S. Ct. at 1143. Aside from the obvious – that the plain language of § 2339A stands alone from its various enumerated object offenses and creates criminal liability apart from those object offenses – the congressional debate can just as easily be read to support the Government's position that § 2339A was intended to create a wholly independent new offense. Moreover, one cannot logically conclude that, because Congress arguably enacted § 2339A to create new liability for some individuals who may

not otherwise be guilty of an object offense, it necessarily follows that Congress intended that those individuals <u>could not</u> be guilty of both offenses as a result of the same acts.

With no clear legislative intent to guide us, we turn to the <u>Blockburger</u> analysis and examine the elements of each of the counts that the defendants claim is multiplicitous. The heart of the parties' dispute in this appeal is how the test is properly to be applied in this case. The defendants urge us to undertake a searching analysis of the substance of the counts, taking into consideration the facts alleged in support of those counts in the superseding indictment. They claim that, in essence, the Government has "merely reiterated, in each count, the single conspiracy to violate § 956(a)," founding each count upon "the same factual premise." Accordingly, they suggest, the court must "determine whether, <u>in substance as well as form</u>, the indictment charged <u>separate</u> violations." (first emphasis added).

The defendants misapprehend the proper application of the <u>Blockburger</u> analysis to the superseding indictment against them. Our precedent establishes that when comparing charges under different statutory provisions – such as the contested counts here – we examine only the elements themselves; if an offense requires proof of an element that the other offense does not, we need look no

further in determining that the prosecution of both offenses does not offend the Fifth Amendment. See, e.g., United States v. Adams, 1 F.3d 1566, 1574 (11th Cir. 1993); Lanier, 920 F.2d at 893; Boldin, 772 F.2d at 726. Specifically, we need not examine the facts alleged in the indictment to support the counts nor the "practical significance" of the theories alleged for each count. Lanier, 920 F.2d at 894; see also Adams, 1 F.3d at 1574 (holding that the analysis is "applied to the statutory elements underlying each indictment, or count, not to the averments that go beyond the statutory elements"); Boldin, 772 F.2d at 726 ("[A] substantial overlap in the proof offered to establish the crimes is not a double jeopardy bar."); United States v. Mulherin, 710 F.2d 731, 740 (11th Cir. 1983) ("That much of the same evidence served 'double duty' in proving the two [conspiracy] offenses charged is of no consequence").

The strictly elemental analysis applies even where we are presented with an indictment that charges two conspiracy counts, each under a separate statutory provision, but both based on the same factual conspiracy as alleged. In United States v. Lanier, this court, presented with a multiplicity challenge to two such conspiracy counts – one under 18 U.S.C. § 371 (the general conspiracy statute) and one under a specific conspiracy statute aimed at false claims against the government – upheld the defendants' convictions on both counts. 920 F.2d at

893–95. The court recognized the "substantial overlap" in the wording of the two statutes and acknowledged that the circumstances in which a defendant might be guilty of one of the offenses and not the other "are far more likely to reside in the realm of imagination than in the real world in which defendants are prosecuted." Id. at 893. Nevertheless, because each offense required proof of an element the other did not, the Blockburger test mandated the result. Id. at 893–94.

We acknowledge that there may remain a few specific circumstances in which we are required to look beyond the elements of the offenses in order to assess potential multiplicity problems, such as in a "continuing criminal enterprise" prosecution where a drug conspiracy is separately charged, or in cases where two counts are charged under the same statutory provision. See, e.g., United States v. Harvey, 78 F.3d 501, 505 (11th Cir. 1996) (holding that a drug conspiracy under 21 U.S.C. § 846 is a lesser-included offense that merges into "continuing criminal enterprise" charge under 21 U.S.C. § 848 when "the two conspiracies alleged . . . were, in fact, the same conspiracy" (emphasis added)); United States v. Anderson, 872 F.2d 1508, 1520 (11th Cir. 1989) ("Where . . . each count charges a violation of the same general conspiracy statute, and the proof reveals a single ongoing conspiratorial agreement, only a single penalty . . . can be imposed."). But we need not consider these cases here, as the

10

circumstances are not present to merit a fact-based inquiry going beyond the elements of the offenses charged in the superseding indictment.[7]  Each of the three contested counts charges a separate statutory violation – § 956, § 371, and § 2339A, respectively – and, as we will discuss below, none of the charges could merge into another as a lesser-included offense.

Having established the appropriate scope of the Blockburger test, we need simply apply it here and compare the elements of the offense charged in Count One with those charged in Counts Two and Three.  The first and most obvious element of Count One – the charge of conspiracy to murder, kidnap, and maim

---

[7] The district court, in its Omnibus Order dismissing Count One on multiplicity grounds, implicitly relied on authority applying a fact-based "same evidence" test, which in the past has been applied to prosecutions of multiple conspiracy counts in order to determine "whether there was more than one agreement."  United States v. Marable, 578 F.2d 151, 153 (5th Cir. 1978), abrogated by United States v. Rodriguez, 612 F.2d 906, 919 (5th Cir. 1980) (en banc), as recognized in United States v. Fisher, 106 F.3d 622, 633 n.11 (5th Cir. 1997); see Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981).  In so doing, the district court's opinion turned on its conclusion that the superseding indictment alleged only one conspiracy in fact.  As we hope to make clear in this opinion, the district court's fact-based analysis is inapplicable here; our precedent has since distinguished Marable, limiting its holding to, at most, cases in which two counts are charged under the same conspiracy statute.  See Anderson, 872 F.2d at 1520; Mulherin, 710 F.2d at 739.  Although we need not now decide, we think it questionable whether Marable retains any precedential value in this circuit at all in light of the former Fifth Circuit's decision in Rodriguez.  See United States v. Fisher, 106 F.3d 622, 633 n.11 (5th Cir. 1997), abrogated on other grounds, Ohler v. United States, 529 U.S. 753, 758–59, 120 S. Ct. 1851, 1854–55, 146 L. Ed. 2d 826 (2000).  Moreover, the Supreme Court overruled its own earlier precedent that established a fact-based double jeopardy analysis, opting instead to return to the Blockburger rule, which "has deep historical roots and has been accepted in numerous precedents of this Court."  United States v. Dixon, 509 U.S. 688, 704, 113 S. Ct. 2849, 2860, 125 L. Ed. 2d 556 (1993).

outside the United States in violation of § 956(a)(1) – requires proof that the defendant agreed with at least one person to commit acts constituting murder, kidnapping, and maiming. United States v. Wharton, 320 F.3d 526, 537–38 (5th Cir. 2003). By contrast, the first element of Count Two – the charge of conspiracy to provide material support in violation of § 371 – requires proof that the defendant agreed with at least one other person "to try to accomplish a common and unlawful plan, as charged in the indictment." Eleventh Cir. Pattern Jury Instructions: Criminal § 13.1 (2003) (listing the elements of a § 371 charge). In this case, the "common and unlawful plan, as charged in the indictment" is that the defendants conspired to provide material support in violation of § 2339A, so that is the element that the Government must prove. Section 956 does not require proof of an agreement to provide material support, and § 371 does not require proof of an agreement to murder, kidnap, or maim. Accordingly, these two counts are not multiplicitous. Count Three charges the substantive offense of § 2339A, i.e., providing material support or resources with the knowledge or intent that the support will be used "in preparation for, or in carrying out" one of the object offenses listed in the statute. The most apparent element of this offense is that the defendant has provided "material support or resources," which are specifically defined in § 2339A(b). Count One does not require proof that the defendant

12

provided material support or resources, nor does Count Three require any agreement to murder, kidnap, or maim. As such, these counts are also not multiplicitous.

In light of the distinct elements of each count, the <u>Blockburger</u> test is satisfied and none of the contested counts is multiplicitous of the others.

## III.

Our analysis could stop there, but in light of the rather abstract nature of the elemental analysis, we think it wise to elaborate briefly on the concept in practical terms. It appears that the trouble in this appeal stems from the interrelatedness of the three counts at issue. As we have noted, § 956 (the charge in Count One) serves as an object offense for § 2339A (the charge in Count Three), which serves as an object offense for § 371 (the charge in Count Two). But while these three charges are interrelated, they are not interdependent. The object offenses on which Counts Two and Three are premised are not themselves elements of those counts. In other words, to use Count Three as an example, the Government need not prove all the elements of § 956, the object offense, in order to satisfy the elements of the substantive § 2339A charge. By its elements, § 2339A criminalizes material support given "in preparation for" the object offense – clearly, the object offense need not even have been completed yet, let alone proven

as an element of the material support offense.  To meet its burden under § 2339A, the Government must at least prove that the defendants provided material support or resources <u>knowing that they be used in preparation</u> for the § 956 conspiracy, in which case the defendants could not be guilty of the § 956 conspiracy itself (assuming that, under this scenario, the § 956 conspiracy had not yet come to exist).  Should it have stronger evidence, the Government might instead present a case that the defendants provided material support <u>intending that it be used in carrying out</u> the § 956 conspiracy, in which case the defendants might or might not also be liable for the § 956 offense itself.  But the mere possibility of the second scenario does not change our analysis.  Similarly, the Government need not prove every element of the § 2339A offense, which is the object offense of Count Two, in order to prove that the defendants conspired in violation of § 371.  Although they may appear to be nested within one another, each charge stands alone from the others and requires proof of independent elements.  By definition, none of the offenses is a lesser-included offense of another, because, "[a]s is invariably true of a greater and lesser included offense, the lesser offense . . . requires no proof beyond that which is required for conviction of the greater."  <u>Harvey</u>, 78 F.3d at 504 (quoting <u>Brown v. Ohio</u>, 432 U.S. 161, 168, 97 S. Ct. 2221, 2226–27, 53 L. Ed. 2d 187 (1977)).

Moreover, it bears repeating that double jeopardy is not implicated simply because a factual situation might exist where a defendant could commit one act that satisfies the elements of two distinct offenses. As <u>Blockburger</u> counsels, the rub is whether Congress intended that one act be twice subject to punishment. As such, the question we must ask is whether the defendant's one act must <u>necessarily</u> satisfy the elements of both offenses. In other words, does a scenario exist where the hypothetical defendant might violate one section without violating the other? If the answer is yes, as we find it to be in this appeal, the cumulative punishments are constitutional. Accordingly, we **REVERSE** the district court and **REMAND** with instructions to reinstate Count One of the superseding indictment.

**SO ORDERED.**