[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 3, 2007
THOMAS K. KAHN
CLERK

_____

Nos. 06-13808 & 06-14877
Non-Argument Calendar

_____

D. C. Docket No. 04-00038-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON LUIS GONZALEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(August 3, 2007)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Ramon Luis Gonzalez, proceeding pro se, appeals, first, the denial of his motion to dismiss certain counts of his indictment as duplicitous and, second, his convictions for (1) distributing and possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1); (2) providing a prohibited object – heroin – to an inmate of a federal prison, in violation of 18 U.S.C. § 1791(a)(1); and (3) possessing a prohibited object – heroin – as an inmate of a federal prison, in violation of 18 U.S.C. § 1791(a)(2).  Gonzalez argues on appeal that his conviction under § 841(a)(1) was duplicitous with his convictions under § 1791(a), that his convictions under § 1791(a)(1) and (2) were duplicitous with each other, and that his charge under § 841(a)(1) should have been treated as a lesser included offense of his charge under § 1791(a)(1).  For the reasons set forth below, we affirm.

A federal indictment charged Gonzalez with the above-referenced offenses, as well as conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Gonzalez filed a pro se motion to dismiss his charges under § 1791(a)(1) and (2) as resulting in multiple punishments for the same offense, in violation of the Double Jeopardy Clause.  Gonzalez likewise filed a pro se motion to dismiss his charges under § 841(a)(1) and § 1791(a)(1) and (2), as charging the same offense charged in the conspiracy count.  The government responded to these motions, arguing that none of the counts in the

2

indictment were duplicitous, as each required proof of a fact not required by the others, pursuant to the test described in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The district court agreed and denied Gonzalez's motions.

After a trial, a jury convicted Gonzalez of the above-referenced offenses. The jury could not reach a verdict, however, on the conspiracy charge, and the district court dismissed this charge on the government's motion.

Gonzalez then filed another motion challenging his convictions under § 1791(a)(1) and (2) as duplicitous, arguing that these convictions punished him twice under the same statute for the same conduct. The district court denied Gonzalez's motion, reasoning that it had previously denied identical arguments and that Gonzalez had presented no new facts that merited revisiting the issue. Gonzalez appealed the district court's denial.

After he was sentenced to 36 months' imprisonment for each of his charges, with the sentence for his violation of § 1791(a)(1) to be served consecutively to the sentences for his other violations, Gonzalez also appealed his convictions. Upon Gonzalez's motion, the district court consolidated Gonzalez's two appeals.

The statutes in question in the instant appeal are § 841(a)(1) and § 1791(a)(1) and (2). To support a conviction under § 841(a)(1), the evidence

3

must show that the defendant knowingly and intentionally possessed with the intent to distribute and dispensed a controlled substance. See 21 U.S.C. § 841(a)(1). To support a conviction under § 1791(a)(1), the evidence must show that the defendant – either an inmate or non-inmate – knowingly and intentionally dispensed a prohibited object to a federal inmate and thereby violated a statute and/or prison rule. See 18 U.S.C. § 1791(a)(1); see also United States v. Ponder, 963 F.3d 1506, 1512 (11th Cir. 1992). To support a conviction under § 1791(a)(2), the evidence must show that the defendant knowingly and intentionally possessed a prohibited object while he was incarcerated in a federal prison. See 18 U.S.C. § 1791(a)(2) and (d)(1).

The definition of "prohibited object" includes controlled substances, such as heroin, as well as firearms and currency. 18 U.S.C. § 1791(d)(1). Also according to § 1791, if a defendant violates § 1791(a) and the violation involves a controlled substance, such as heroin, his sentence for that violation must be served consecutively to "any other sentence imposed by any court for an offense involving such a controlled substance." 18 U.S.C. § 1791(c). The legislative history for § 1791 does not explain the legislature's intent in enacting the provision. See 18 U.S.C. § 1791.

### *I. Duplicity*

Regarding Gonzalez's appellate arguments that his convictions were duplicitous, the Double Jeopardy Clause generally protects defendants "from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." Missouri v. Hunter, 459 U.S. 359, 365, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). The Supreme Court has explained, however, that in the context of a single trial the clause also protects defendants from being subjected to cumulative punishments for a single offense when the legislature did not intend as much. Id. Thus, it is unconstitutional to indict a defendant on two charges stemming from one offense absent an indication that Congress intended this charging scheme, as a conviction on both charges would lead to cumulative sentences. See id. When an indictment unlawfully charges a single offense in multiple counts in this manner, it is duplicitous. See United States v. Sirang, 70 F.3d 588, 595 (11th Cir. 1995). We review allegations of duplicity de novo. United States v. Hassoun, 476 F.3d 1181, 1185 (11th Cir. 2007).

Our review begins with an inquiry into whether Congress intended to authorize cumulative punishment when it enacted the criminal statutes in question. See id. To ascertain Congress's intention, we look to the legislative history of the statutory provisions. Id. We also look to the language of the statute. Garfield v. NDC Health Corp., 466 F.3d 1255, 1266 (11th Cir. 2006). Indeed, we have held

5

that "when a statute speaks with clarity to an issue judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." Id.

In the absence of clear evidence of legislative intent regarding cumulative punishment, however, our review depends on the test espoused in Blockburger that "where the same act or transaction constitutes a violation of two distinct statutory provisions," cumulative punishment is acceptable if "each provision requires proof of an additional fact which the other does not." Hassoun, 476 F.3d at 1185 (citing Blockburger, 24 U.S. at 304, 52 S.Ct. at 182). In applying this test, we limit our examination to the elements of the offenses and do not consider "the facts alleged in the indictment to support the counts nor the 'practical significance' of the theories alleged for each count." Id. at 1186. If the Blockburger test is satisfied, there is a rebuttable presumption of congressional intent to authorize cumulative punishment, such that an indictment is not unlawfully duplicitous. Id. at 1186-87 (holding that the presumption could be rebutted by evidence that Congress intended otherwise).

*a. Section 841(a)(1) v. Section 1791(a)*

Specifically regarding Gonzalez's appellate argument that his conviction under § 841(a)(1) – for distributing and possessing with intent to distribute heroin – is duplicitous with his convictions under § 1791(a) – for providing heroin to an

6

inmate and possessing heroin as an inmate, we conclude that these convictions were not unlawfully duplicitous, per the language of § 1791. See Garfield, 466 F.3d at 1266. Pursuant to the language of the statute, a defendant has not violated § 1791(a)(1)'s prohibition of dispensing a controlled substance to an inmate unless his conduct violates another criminal statute or prison rule. See 21 U.S.C. § 1791(a)(1). Thus, this provision contemplates that a defendant's single act will violate multiple statutes.

Moreover, also pursuant to the language of § 1791, when the defendant violates § 1791(a), either by providing or possessing a controlled substance, his sentence for that violation must be served consecutively to any other sentence involving a controlled substance. See 18 U.S.C. § 1791(c). Thus, this provision also contemplates that a defendant will be convicted and sentenced separately for violations of multiple statutes. Accordingly, because the language of § 1791 contemplates a situation, such as the instant situation, in which a defendant simultaneously violated § 841 and § 1791(a) and received consecutive sentences for these violations, it appears that Congress intended to allow cumulative punishments under § 841 and § 1791. See Hassoun, 476 F.3d at 1185; Gafield, 466 F.3d at 1266. We hold, therefore, that the district court did not err in convicting Gonzalez under both § 841(a)(1) and § 1791(a). See Hassoun, 476

7

F.3d at 1185.

## b. *Section 1791(a)(1) v. Section 1791(a)(2)*

Specifically regarding Gonzalez's appellate argument that his conviction under § 1791(a)(1) – for providing heroin to an inmate – was duplicitous with his conviction under § 1791(a)(2) – for possessing heroin as an inmate, we conclude that these convictions were not unlawfully cumulative, per the Blockburger test, which is applicable since there is no evidence of Congress's intent in enacting § 1791. See Hassoun, 476 F.3d at 1185; see also 18 U.S.C. § 1791.[1] Per this test, § 1791(a)(1) and (a)(2) each require proof of a fact not required by the other. See id. at 1185. A violation of § 1791(a)(1) requires proof that the transferee of the prohibited object was a federal inmate, which is not required for a violation of § 1791(a)(2). See 18 U.S.C. § 1791(a)(1) and (2). A violation of § 1791(a)(2) requires proof that the defendant was a federal inmate when his conduct occurred, which is not required by § 1791(a)(1). See id.; Ponder, 963 F.2d at 1512.

---

[1] On appeal, Gonzalez argues that the Blockburger test is inapplicable when, as here, a defendant is charged twice under the same statute. Contrary to Gonzalez's contention, however, we have not held that the test is inapplicable to these situations. Rather, in Hassoun, we held only that our usual purely elemental inquiry should be supplemented with a fact-based analysis when a defendant is charged with two counts of violating one statutory provision. 476 F.3d at 1185-87. Moreover, Hassoun, unlike here, concerned two charges stemming from the same conspiracy language and using the same facts. Id. Thus, because we only held we should look at the facts to determine if the Blockburger test is satisfied and because even this limited holding is not binding since the instant appeal is distinguishable from Hassoun because it concerns charges stemming from two substantive provisions and using different facts, the traditional Blockburger test is appropriate here.

Accordingly, because each of the convictions requires proof of an additional fact, it appears that cumulative punishments for § 1791(a)(1) and (2) do not violate the Double Jeopardy Clause.  See Hassoun, 476 F.3d at 1185.  We hold, therefore, that the district court did not err in denying Gonzalez's motion challenging these counts of his indictment and in convicting Gonzalez under both subsections of § 1791(a).

## II. Lesser-Included Offense

Regarding Gonzalez's appellate argument that his charge under § 841(a)(1) should have been treated as a lesser-included offense of his charge under § 1791(a)(1), a lesser included offense is an offense such that "it is impossible to commit the greater without having first committed the lesser." Theriault v. United States, 434 F.2d 212, 214 (5th Cir. 1970).  Stated differently, if all of the elements of an offense constitute a subset of the elements of another offense, the former offense should be treated as a lesser included of the latter offense.  See id.

However, we will not correct an error that the defendant failed to raise in the district court unless (1) the district court did, in fact, err, (2) the error was plain, (3) the error affected the defendant's substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Kennard, 472 F.3d 851, 858 (11th Cir. 2006), cert. denied, (June 25, 2007) No. 06-10149  (considering a defendant's argument, raised for the first time

9

on appeal, that the district court gave an erroneous jury instruction).

We will review Gonzalez's lesser-included offense argument only for plain error because the record demonstrates that he raises it for the first time on appeal. See Kennard, 472 F.3d at 858.[2]  We conclude that the district court's charging scheme was not erroneous.  It would be possible to violate § 1791(a)(1) without having first violated § 841(a)(1), in that a defendant could have dispensed a prohibited object to a federal inmate without having also dispensed a controlled substance since the definition of prohibited object includes objects other than controlled substances.  See Theriault, 434 F.2d at 214; 18 U.S.C. § 1791(d)(1). Also, it is feasible that a defendant could have dispensed heroin without having first possessed with intent to distribute heroin, in that a defendant could simply arrange that heroin be given to an inmate.  See Theriault, 434 F.2d at 214; 18 U.S.C. § 1791(a)(1).

Moreover, and perhaps most importantly, because the language of § 1791(a)(1) contemplates that a defendant could simultaneously violate both § 841(a)(1) and § 1791(a)(1) and be sentenced separately for these violations, as

---

[2]  On appeal, Gonzalez argues that he raised his lesser-included offense claim at his sentencing hearing before the district court.  Our review reveals, however, that Gonzalez only raised a markedly different argument at that hearing, namely that the jury should have been instructed that they could convict Gonzalez of the lesser-included offense of simple possession, rather than possession with intent to distribute under § 841(a)(1).

10

discussed above, it appears that Congress did not intend for a violation of § 841(a)(1) to be a lesser included of a violation of § 1791(a)(1). We hold, therefore, that the district court did not plainly err in charging Gonzalez's alleged violations of § 841(a)(1) and § 1791(a)(1) as principals. See Kennard, 472 F.3d at 858.

### *III. Conclusion*

Because Gonzalez's convictions were not duplicitous and because the district court's charging scheme was not erroneous, we affirm the district courts' denial of Gonzalez's motion and affirm Gonzalez's convictions.

**AFFIRM.**