[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16091
Non-Argument Calendar

_____

D. C. Docket No. 90-06099-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS A. JARVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 19, 2009)

Before DUBINA, Chief Judge, TJOFLAT and FAY, Circuit Judges.

PER CURIAM:

Douglas A. Jarvis, a federal prisoner proceeding pro se, appeals the district court's order denying his motion requesting the court to amend his judgment of conviction. For the reasons set forth below, we affirm.

**I.**

According to the 1991 judgment of conviction, a jury found Jarvis guilty of "conspiracy to possess with intent to distribute cocaine," in violation of 21 U.S.C. § 846. The judgment did not mention 18 U.S.C. § 2 or anything about aiding and abetting. On direct appeal, we affirmed Jarvis's conviction without opinion. United States v. Jarvis, 978 F.2d 720 (11th Cir. 1992). Between 1995 and 2006, Jarvis unsuccessfully filed numerous post-conviction motions for relief.

On June 25, 2008, Jarvis filed the instant pro se "Motion for a Judicial Request." Jarvis requested the district court to amend the judgment of conviction to reflect his actual offense of conviction, which he asserted was "aiding and abetting" the cocaine conspiracy, in violation of 18 U.S.C. § 2. Jarvis acknowledged that the requested correction would not affect his sentence, but he stated, without explanation, that it "would [a]ffect the way he is treated by the Bureau of Prisons." In his prayer for relief, Jarvis requested, inter alia, the district court to "correct the record pursuant to Fed.R.Civ.P. 60(b)(6)" or "correct the record pursuant to Fed.R.Crim.P. 36."

The district court denied Jarvis's request, concluding that aiding and abetting was not a separate and distinct criminal offense under 18 U.S.C. § 2. Instead, the court explained that § 2 "merely makes someone who aids and abets another in committing a crime criminally responsible for the underlying crime to the same extent as the person who he assisted." Thus, the court found that, even if Jarvis was convicted under an aiding and abetting theory, he was still guilty of the crime of conspiracy to possess with the intent to distribute cocaine, as set forth in the judgment of conviction.

## II.

As an initial matter, we construe Jarvis's motion as one brought pursuant to Fed.R.Crim.P. 36, which authorizes the district court to "correct a clerical error in a judgment" or "an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. Although Jarvis also cited Fed.R.Civ.P. 60(b), his motion requested only that the court amend the judgment of conviction entered in his criminal case; it did not seek relief from any judgment or order entered in a civil action. See United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (holding that "Rule 60(b) simply does not provide for relief from judgment in a criminal case"). We review de novo the district court's interpretation of Rule 36. See United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

3

## III.

In this case, the district court correctly concluded that aiding and abetting under 18 U.S.C. § 2 "does not represent a distinct offense, but rather simply codifies an alternate theory of liability inherent in every count, whether explicit or implicit . . . ." United States v. Hassoun, 476 F.3d 1181, 1183 n.2 (11th Cir. 2007) (quotation omitted); see 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). In other words, "the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." Hassoun, 476 F.3d at 1183 n.2 (quotation omitted). Thus, even if the jury convicted Jarvis of conspiracy to possess with intent to distribute cocaine under an aiding and abetting theory, his offense of conviction would remain the same. Accordingly, we affirm the denial of Jarvis's motion.

**AFFIRMED.**