[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14357
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-20645-FAM


EDUARDO GONZALEZ,

                                                                        Petitioner-Appellee,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

                                                                        Respondent-Appellant,

FLORIDA ATTORNEY GENERAL,

                                                                        Respondent.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 8, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

The State of Florida appeals the district court's grant of Eduardo Gonzalez's petition for writ of habeas corpus filed under 28 U.S.C. § 2254. On appeal, the State argues the district court erred in finding Gonzalez's two convictions for lewd and lascivious molestation violated double jeopardy. After careful review, we affirm.

I.

Gonzlez was charged on January 27, 2006, with one count of sexual battery on a victim under 12 years old in violation of Fla. Stat. § 794.011(2) and two counts of lewd and lascivious molestation on a child under 12 years old in violation of Fla. Stat. § 800.04(5)(B). Counts 2 and 3 of the Information charged Gonzalez identically, saying:

> EDUARDO GONZALEZ, on or about December 21, 2005, . . . being a person of the age of eighteen (18) years or older, did unlawfully and intentionally touch the breasts, genitals, genital area, or buttocks, or the clothing covering the breasts, genitals, genital area, or buttocks of R.C. (A MINOR), a person less than 12 years of age in a lewd or lascivious manner, in violation of 800.04(5)(B), Fla. Stat., contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida.

At the end of Gonzalez's trial, the jury's verdict form allowed the jury to find Gonzalez "Guilty as charged in the Information" for Counts 2 and 3, but did not provide any factual or legal distinction between the two counts. The jury

2

convicted Gonzalez of all three counts.  The Florida trial court imposed a life sentence for each count, all to run consecutively.  These convictions were affirmed by the Florida Third District Court of Appeal.  See Gonzalez v. State, 35 So. 3d 984 (Fla. Dist. Ct. App. 2010).

On June 3, 2011, Gonzalez filed a motion for postconviction relief in Florida under Florida Rule of Criminal Procedure 3.850.  Gonzalez raised thirteen grounds for relief.  Only one is relevant to this appeal.  In it, Gonzalez said his convictions in Counts 2 and 3 for lewd and lascivious molestation violated the prohibition against double jeopardy.  The Florida trial court denied Gonzalez's postconviction motion on every ground raised by Gonzalez.  In denying his double jeopardy claim, the court said: "This is a claim that could have or should have been raised on direct appeal and therefore is not cognizable under a motion for post conviction relief.  See Florida Rule of Criminal Procedure 3.850(c).  Therefore, this claim will also be summarily rejected by the Court."

Gonzalez appealed this denial.  The State conceded in its response "that the post-conviction court erred because double jeopardy claims may be raised in a rule 3.850 motion."  But the State went on to argue the claim lacked merit for other reasons.  The Florida Third District Court of Appeal affirmed the denial of Gonzalez's Rule 3.850 motion in a per curiam summary affirmance that said only:

3

"Affirmed."  See Gonzalez v. State, 129 So. 3d 1077 (Fla. 3d DCA 2013) (per curiam).

Gonzalez then timely filed a federal habeas petition under 28 U.S.C. § 2254, raising fourteen grounds including his double jeopardy claim.  In that claim, he said his two convictions for lewd and lascivious molestation were double jeopardy violations.  The magistrate judge agreed with Gonzalez and recommended that the district court grant relief on this ground.  On September 2, 2015, over the State's objections, the district court adopted the magistrate's report and recommendation, and granted Gonzalez's petition on the double jeopardy claim.

## II.

We review de novo the district court's grant of a habeas petition under 28 U.S.C. § 2254.  Muhammad v. Sec'y, Fla. Dep't of Corr., 733 F.3d 1065, 1071 (11th Cir. 2013).  The State makes three arguments on appeal.  First, the State says we should apply the "hypothesize" analysis from Hittson v. GDCP Warden, 759 F.3d 1210 (11th Cir. 2014).[1]  Second, the State argues that even if the "look through" analysis presumption from Ylst v. Nunnemaker, 501 U.S. 797, 111 S. Ct.

---

[1] This means that a petitioner can only obtain federal habeas relief after a summary affirmance "by showing there was no reasonable basis for the state court to deny relief," regardless of what any lower court said before the summary affirmance.  Hittson, 759 F.3d at 1233 (quotation omitted).

4

2590 (1991) applies,[2] the district court erred by not affording deference to the Florida postconviction appellate court's summary affirmance.  Finally, the State says that even if this deference does not apply, there was no double jeopardy violation in Gonzalez's case.

A.

The State's first argument is foreclosed by the Supreme Court's decision in Ylst, as this Court recently confirmed in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc).  In Wilson, this Court held that the Georgia Supreme Court's summary denial of a certificate of probable cause to appeal after a superior court denied habeas relief on the merits was an adjudication on the merits.  Id. at 1232–35.  In such a case, the reviewing federal court was instructed to determine what possible arguments or theories supported the state decision, or in other words, if any reasonable basis existed for the state decision. See id. at 1235.  However, Wilson specifically pointed out "[i]f 'the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.'"  Id. (quoting Ylst, 501 U.S. at 803, 111 S. Ct. at 2594).  In this type of

---

[2] This means that the court reviewing a petitioner's federal habeas claim after a summary affirmance looks to the last reasoned decision to find the basis for a summary affirmance.  Ylst, 501 U.S. at 806, 111 S. Ct. at 2596.

case, we "look through" the summary opinions to the last reasoned opinion to find the state court's basis for a decision. Ylst, 501 U.S. at 806, 111 S. Ct. at 2596.

In Gonzalez's case, the Florida postconviction court held that his double jeopardy claim was barred by a procedural default. The Florida appellate court's summary affirmance is therefore governed by Ylst, and we must presume that the court affirmed based on the procedural bar, not the merits. See id.; Wilson, 834 F.3d at 1235.

### B.

The State next argues that, even under Ylst, the district court erred by not giving appropriate deference to the Florida appellate court's summary affirmance. The State correctly points out that the presumption in Ylst is rebuttable, and if the presumption is rebutted then deference applies under 28 U.S.C. § 2254(d). But the burden to rebut this presumption is high. Only "strong evidence can refute it." Ylst, 501 U.S. at 804, 111 S. Ct. at 2595.

The State has not met this high burden. The State says because it conceded to the appellate court that the trial court erred in its procedural-bar ruling, the appellate court's summary affirmance was on the merits. But this is the same argument that the Supreme Court rejected in Ylst. The State has shown here only that the Florida appellate court "could do so[, not] that they did do so—much less [] prove that, having done so, they decided the [] point on the merits rather than on

6

the basis of the procedural default relied upon." Id. at 806, 111 S. Ct. at 2596. The Supreme Court rejected the notion that the respondent in Ylst had pointed to anything to show that any "court actually reached the merits of [the] federal claim." Id.

The same result follows here. Although there is some possibility that the Florida appellate court took the State's concession into account in its summary affirmance, the State cannot point to any "strong evidence" that it did. See id. As a result, because the Florida state court did not reach the merits of Gonzalez's double jeopardy claim, we review it de novo.[3] See Muhammad, 733 F.3d at 1071.

## C.

Finally, the State argues the district court erred in its determination that a double jeopardy violation occurred. It points to the fact that under Florida law, a defendant may be punished multiple times under the same statute so long as each offense is based on a distinct criminal act. Fla. Stat. § 775.021(4)(a). The State says even though the Information and jury verdict were duplicative, the trial record shows that the two counts were for two different touchings that Gonzalez committed during the same criminal episode.

---

[3] The exception to this rule is that an independent and adequate state bar to relief forecloses our review. Muhammad, 733 F.3d at 1072. However, as the State concedes, the Florida trial court applied the procedural bar in error. See Plowman v. State, 586 So. 2d 454, 455 (Fla. 2d DCA 1991) (per curiam) ("[D]ouble jeopardy violations may be raised for the first time in a postconviction proceeding . . . except where a knowing waiver of the right has occurred.").

"The Double Jeopardy Clause protects against a second prosecution for the same offense," including "multiple punishments for the same offense." Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977) (quotation omitted). "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense." Id.; see also Jones v. Thomas, 491 U.S. 376, 381, 109 S. Ct. 2522, 2525–26 (1989).

We determine whether a double jeopardy violation has occurred by applying the Supreme Court's test established in Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180 (1932). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Id. at 304, 52 S. Ct. at 182. In other words, the test "inquires whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and successive prosecution." United States v. Dixon, 509 U.S. 688, 696, 113 S. Ct. 2849, 2856 (1993).

Applying Blockburger, we affirm the district court. Gonzalez was charged in the Information with two separate counts that used identical language and contained identical elements. There were no different elements, nor factual

8

distinctions described, in either the Information or jury verdict, to distinguish these two counts. The State points to United States v. Marable, 578 F.2d 151 (5th Cir. 1978),[4] and Ward v. United States, 694 F.2d 654 (11th Cir. 1983), to argue "we are free to look beyond the face of the indictment and examine the trial record." Ward, 694 F.2d at 662. But Marable and Ward said conspiracy cases, and only conspiracy cases, could deviate from the general test that the Supreme Court established in Blockburger. See id.; United States v. Hassoun, 476 F.3d 1181, 1187 n.7 (11th Cir. 2007) ("As we hope to make clear in this opinion, the district court's fact-based analysis is inapplicable here; our precedent has since distinguished Marable, limiting its holding to, at most, cases in which two counts are charged under the same conspiracy statute."). We decline to extend Ward and Marable to the state-law context presented in Gonzalez's case. Because Gonzalez was charged and convicted of two counts with identical elements and identical alleged facts, his convictions under Counts 2 and 3 are thus barred by the Double Jeopardy Clause.

    **AFFIRMED.**

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981. Id. at 1209.