# SUPREME COURT OF THE UNITED STATES

## TRAVIS CLINTON HITTSON *v.* BRUCE CHATMAN, WARDEN

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 14–8589.   Decided June 15, 2015

The petition for a writ of certiorari is denied.

JUSTICE GINSBURG, with whom JUSTICE KAGAN joins, concurring in the denial of certiorari.

The Antiterrorism and Effective Death Penalty Act of 1996 directs a federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims. Only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on an unreasonable determination of the facts in light of the evidence presented," may a federal court grant habeas relief premised on a federal claim previously adjudicated on the merits in state court. 28 U. S. C. §2254(d).

This task is straightforward when the last state court to decide a claim has issued an opinion explaining its decision. In that situation, a federal habeas court simply evaluates deferentially the specific reasons set out by the state court. *E.g., Porter* v. *McCollum*, 558 U. S. 30, 39–44 (2009) (*per curiam*); *Rompilla* v. *Beard*, 545 U. S. 374, 388–392 (2005); *Wiggins* v. *Smith*, 539 U. S. 510, 523–538 (2003).

In *Ylst* v. *Nunnemaker*, 501 U. S. 797 (1991), this Court stated how federal courts should handle a more challenging circumstance: when the last state court to reject a prisoner's claim issues only an unexplained order. "Where there has been one reasoned state judgment rejecting a

federal claim," the Court held, federal habeas courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Id.,* at 803. "[U]nexplained orders," the Court recognized, typically reflect "agree[ment] . . . with the reasons given below." *Id.,* at 804. Accordingly, "a presumption . . . which simply 'looks through' [unexplained orders] to the last reasoned decision . . . most nearly reflects the role [such orders] are ordinarily intended to play." *Ibid.*

In this case, the Eleventh Circuit decided that it would no longer apply the *Ylst* "look through" presumption—at least when assessing the Georgia Supreme Court's unexplained denial of a certificate of probable cause to appeal. Although it had long "'look[ed] through' summary decisions by state appellate courts," the Eleventh Circuit believed that a recent decision of this Court—*Harrington* v. *Richter*, 562 U. S. 86 (2011)—had superseded *Ylst*. *Hittson* v. *GDCP Warden*, 759 F. 3d 1210, 1232, n. 25 (2014). Accordingly, instead of "review[ing] the reasoning given in the [last reasoned state court] decision," the Eleventh Circuit held it would consider hypothetical theories that could have supported the Georgia Supreme Court's unexplained order. *Ibid.*

The Eleventh Circuit plainly erred in discarding *Ylst*. In *Richter*, the only state court to reject the prisoner's federal claim had done so in an unexplained order. See 562 U. S., at 96–97. With no reasoned opinion to look through to, the Court had no occasion to cast doubt on *Ylst*. To the contrary, the Court cited *Ylst* approvingly in *Richter, id.,* at 99–100, and did so again two years later in *Johnson* v. *Williams*, 568 U. S. __, __, n. 1 (2013) (slip op., at 6, n. 1).

The Eleventh Circuit believed that the following language from *Richter* superseded *Ylst* and required the appeals court to hypothesize reasons that might have

supported the state court's unexplained order: "Under §2254(d), a habeas court must determine what arguments or theories supported, or, as here, *could have supported*, the state court's decision." 562 U. S., at 102 (emphasis added). See 759 F. 3d, at 1232. *Richter*'s hypothetical inquiry was necessary, however, because *no* state court "opinion explain[ed] the reasons relief ha[d] been denied." 562 U. S., at 98. In that circumstance, a federal habeas court can assess whether the state court's decision "*involved* an unreasonable application of . . . clearly established Federal law," §2254(d)(1) (emphasis added), only by hypothesizing reasons that might have supported it. But *Richter* makes clear that where the state court's real reasons can be ascertained, the §2254(d) analysis can and should be based on the actual "arguments or theories [that] supported . . . the state court's decision." *Id.*, at 102.

The Eleventh Circuit also appears to have thought it relevant that the Georgia Supreme Court exercises mandatory, not discretionary, review when deciding whether to grant or deny a certificate of probable cause to appeal. See 759 F. 3d, at 1231–1232. *Ylst* itself, however, looked through a nondiscretionary adjudication. See 501 U. S., at 800–801. And *Richter* confirms that it matters not whether the state court exercised mandatory or discretionary review. Although *Richter* required a federal habeas court to presume that an unexplained summary affirmance adjudicated the merits of any federal claim presented to the state court, *Richter* cited *Ylst* as an example of how this "presumption may be overcome." 562 U. S., at 99. If looking through the summary affirmance reveals that the last reasoned state court decision found a claim procedurally defaulted, then it is "more likely," *id.,* at 100, that the summary affirmance of that claim "rest[ed] upon the same ground," *Ylst*, 501 U. S., at 803. In short, *Richter* instructs that federal habeas courts should continue to "look through" even nondiscretionary adjudications to deter-

mine whether a claim was procedurally defaulted. There
is no reason not to "look through" such adjudications, as
well, to determine the particular reasons why the state
court rejected the claim on the merits.

Although the Eleventh Circuit clearly erred in declining
to apply *Ylst*, I concur in the denial of certiorari. The
District Court did "look through" to the last reasoned
state-court opinion, and for the reasons given by that
court, I am convinced that the Eleventh Circuit would
have reached the same conclusion had it properly applied
*Ylst*. See *Hittson* v. *Humphrey*, 2012 WL 5497808, *17–
*25 (MD Ga., Nov. 13, 2012). Moreover, an en banc re-
hearing petition raising the *Ylst* issue is currently pending
before the Eleventh Circuit. See *Wilson* v. *Warden*, No.
14–10681. That petition affords the Eleventh Circuit an
opportunity to correct its error without the need for this
Court to intervene.