WILLIAM PRYOR, Circuit Judge:
This appeal requires us to decide whether, when a federal court reviews a state prisoner’s petition for a writ of habeas corpus, it must “look through” a summary decision on the merits by a state appellate court to review the last reasoned decision. Marion Wilson, Jr., a Georgia prisoner sentenced to death for the murder of Donovan Parks in 1996, filed a petition for a writ of habeas corpus in the Superior Court of Butts County, Georgia. That court denied his petition in a written opinion. Wilson sought to appeal that decision, and the Supreme Court of Georgia summarily denied his application for a certificate of probable cause to appeal. The district court then denied Wilson’s federal petition for a writ of habeas corpus, and after reviewing the one-sentence decision of the Georgia Supreme Court, we affirmed. Wilson v. Warden, Ga. Diagnostic Prison, 774 F.3d 671, 681 (11th Cir. 2014), reh’g en banc granted, op. vacated, No. 14-10681 (11th Cir. July 30, 2015).
We vacated our panel opinion to determine en banc whether federal courts must “look through” the summary denial by the Supreme Court of Georgia and review the reasoning of the Superior Court of Butts County. We conclude that federal courts need not “look through” a summary decision on the merits to review the reasoning of the lower state court. We remand to the panel all outstanding issues in this appeal.
I. BACKGROUND
In 1996, Marion Wilson, Jr., and Robert Earl Butts killed Donovan Parks in Mil-ledgeville, Georgia. Wilson v. State, 271 Ga. 811, 525 S.E.2d 339, 343 (1999). The two men approached Parks in the parking lot of a Wal-Mart store and asked him for a ride. Minutes later, Parks’s body was found on a nearby residential street.
Officers arrested Wilson. They searched Wilson’s residence and found a “sawed-off shotgun loaded with the type of ammunition used to kill Parks.” Id. Wilson told the officers that Butts had shot Parks with a sawed-off shotgun. A jury convicted Wilson of malice murder, felony murder, armed robbery, hijacking a motor vehicle, possession of a firearm during the commission of a crime, and possession of a sawed-off shotgun. Id. at 342-43. At sentencing, trial counsel argued that Wilson was not the triggerman and presented evidence of his difficult childhood. Georgia presented evidence of Wilson’s extensive criminal history and gang activity. The trial court sentenced Wilson to death, and the Supreme Court of Georgia affirmed his convictions and sentence on direct appeal. Id. at 343.
Wilson filed a state petition for a writ of habeas corpus in the Superior Court of Butts County, Georgia, in which he argued that his trial counsel rendered ineffective assistance in his investigation of mitigation evidence for the penalty phase of Wilson’s trial. At an evidentiary hearing, Wilson introduced lay testimony that he argued should have been used as evidence of his difficult childhood. He also introduced expert testimony that he argued could have explained his poor judgment skills.
The superior court denied Wilson’s petition in a written order. It examined the lay testimony and found it largely cumulative of other evidence at trial or inadmissible on evidentiary grounds. It found that the *1231 expert testimony would not have changed the outcome of the trial. For these reasons, it ruled that trial counsel’s performance was not deficient and, alternatively, that Wilson suffered no prejudice. Wilson filed an application for a certificate of probable cause to appeal, which the Georgia Supreme Court summarily denied in a one-sentence order.
Wilson then filed a federal petition for a writ of habeas corpus, and the district court denied him relief. It ruled that the state trial court reasonably applied clearly established federal law. But the district court granted Wilson a certificate of ap-pealability on the issue of the effectiveness of his trial counsel at sentencing.
A panel of this Court affirmed. Wilson, 774 F.3d at 681. As an initial matter, the panel reasoned that “the one-line decision of the Supreme Court of Georgia denying Wilson’s certificate of probable cause is the relevant state-court decision for our review because it is the final decision ‘on the merits.’ ” Id. at 678 (quoting Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008)). Under the test announced in Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011), the panel asked “whether there was any ‘reasonable basis for the [Supreme Court of Georgia] to deny relief.’ ” Wilson, 774 F.3d at 678 (alteration in original) (quoting Richter, 562 U.S. at 98, 131 S.Ct. 770). The panel concluded that the Supreme Court of Georgia “could have looked at the overall mix of evidence, aggravating and mitigating, old and new, and reasonably determined that a jury would have still sentenced Wilson to death.” Id. at 680. The panel stated that the lay testimony “presented a ‘double-edged sword,’ ” id. at 679 (quoting Evans v. Sec’y, Dep’t of Corr., 703 F.3d 1316, 1324 (11th Cir. 2013)), and was “largely cumulative” of evidence presented to the jury, id. (quoting Holsey v. Warden, Ga. Diagnostic Prison, 694 F.3d 1230, 1260-61 (11th Cir. 2012)). The panel stated that the Georgia Supreme Court could have found the new expert testimony to be unreliable and in conflict with other evidence. Id. at 680. For these reasons, the panel concluded that the decision of the Supreme Court of Georgia denying Wilson’s petition was neither “contrary to, [nor] involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.” Id. at 681 (quoting 28 U.S.C. § 2254(d)(1)).
In his petition for rehearing en banc, Wilson argued that the panel erred when it reviewed the summary denial of his petition for a certificate of probable cause to appeal. Wilson argued that, under the decision in Ylst v. Nunnemaker, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), the panel should have instead examined the last reasoned decision by a state court. We ordered Georgia to respond to the petition.
In its response to Wilson’s petition, Georgia argued that a court should “look through a summary denial to a reasoned decision only to determine whether the state appellate court affirmed on procedural grounds or on the merits.” Georgia defended the panel decision that, under Richter, a federal court must defer to the summary denial of the Georgia Supreme Court by asking “what argument or theories could have supported the affirmance.” Georgia urged this Court to deny Wilson’s petition.
On July 30, 2015, we vacated the panel opinion and granted Wilson’s petition for rehearing en banc. We directed the parties to brief the following issue: “Is a federal habeas court required to look through a state appellate court’s summary decision that is an adjudication on the merits to the reasoning in a lower court decision when deciding whether the state appellate court’s decision is entitled to deference under 28 U.S.C. § 2254(d)?”
*1232 Georgia then changed its position. In its en banc brief, Georgia argued that this Court should review the reasoned opinion of the superior court, not the summary denial by the Georgia Supreme Court.
To provide the Court with argument on both sides of the question, we appointed Adam Mortara as amicus curiae to argue that the question should be answered in the negative. We thank Mr. Mortara for his service to this Court on short notice and for his superb brief and oral argument in keeping with the highest tradition of the legal profession.
Wilson and Georgia also challenged our precedent that the denial of a certifícate of probable cause by the Georgia Supreme Court is an adjudication on the merits for the purposes of section 2254(d). See Hittson v. GDCP Warden, 759 F.3d 1210, 1231-32 (11th Cir. 2014). Because the answer to this preliminary question could make it unnecessary to decide the question we agreed to review, we ordered Wilson and Georgia to file supplemental briefs addressing whether the denial of an application for a certificate of probable cause by the Georgia Supreme Court is an adjudication on the merits.
II. DISCUSSION
We divide our discussion in two parts. First, we discuss why the denial of a certificate of probable cause by the Georgia Supreme Court is an adjudication on the merits. Second, we explain why a federal court is not required to “look through” a summary decision of a state appellate court that is an adjudication on the merits to the reasoning in a lower court decision.

A. The Denial of a Certificate of Probable Cause by the Georgia Supreme Court Is an Adjudication on the Merits.

The Antiterrorism and Effective Death Penalty Act of 1996 requires a federal court to deny an application for a writ of habeas corpus “with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... was based on an unreasonable determination of the facts.” 28 U.S.C. § 2254(d). When deciding that issue, we review one decision: “the last state-court adjudication on the merits.” Greene v. Fisher, — U.S. -, 132 S.Ct. 38, 45, 181 L.Ed.2d 336 (2011). The Supreme Court made this point clear in Greene v. Fisher, when it held that the “clearly established Federal law” to be applied is the law at the time of “the last state-court adjudication on the merits.” Id. Reading the text of section 2254(d), the Supreme Court explained, “The words ‘the adjudication’ in the ‘unless’ clause obviously refer back to the ‘adjudication] on the merits,’ and the phrase ‘resulted in a decision’ in the ‘unless’ clause obviously refers to the decision produced by that same adjudication on the merits.” Id. (alteration in original) (quoting 28 U.S.C. § 2254(d)(1)).
When, as here, the Georgia Supreme Court summarily denies a certificate of probable cause to appeal after a superior court has denied habeas relief on the merits, the summary denial is an adjudication on the merits. In Georgia, a petitioner must seek a certificate of probable cause from the Georgia Supreme Court before he can appeal a denial of habeas relief. Ga. Code Ann. § 9-14-52(a). Georgia Supreme Court Rule 36 states that “[a] certificate of probable cause to appeal a final judgment in a habeas corpus case involving a criminal conviction will be issued where there is arguable merit, provided there has been compliance with [Ga. Code Ann.] § 9-14-52(b).” Ga. Sup. Ct. R. *1233 36 (emphasis added). Under this rule, the Georgia Supreme Court reviews the merits of the appeal: that is, the Georgia Supreme Court denies a properly filed application for a certificate of probable cause only when it determines that the appeal lacks “arguable merit.” See Foster v. Chatman, — U.S.-, 136 S.Ct. 1737, 1746 n.2, 195 L.Ed.2d 1 (2016). For this reason, the Supreme Court of the United States recently determined that a summary denial of a certificate of probable cause is a “decision on the merits” subject to its review on a writ of certiorari. Id. For the same reason, the denial of a certificate of probable cause is an adjudication on the merits under section 2254.
The Georgia Supreme Court does not avoid adjudicating a habeas appeal by requiring the petitioner to seek a certificate of probable cause. The Georgia Constitution vests the state supreme court with appellate jurisdiction over “[a]ll habeas corpus cases.” Ga. Const. Art. VI, § VI, ¶ III. In Reed v. Hopper, 235 Ga. 298, 219 S.E.2d 409 (1975), the Georgia Supreme Court held that the 1975 Habeas Corpus Act, which created the process for a certificate of probable cause to appeal, satisfied the constitutional mandate of exercising appellate jurisdiction where the Georgia Supreme Court “may refuse to entertain a habeas corpus appeal for lack of probable cause.” Id. at 411. The Georgia Supreme Court still passes on the merits of every petition by either immediately ruling that an appeal lacks arguable merit or by granting the certificate, conducting further review, and then ruling on the merits. Georgia asserts that many denials of an application for a certificate of probable cause are summary dispositions and that, when the Georgia Supreme Court reviews a petitioner’s claims after granting a certificate of probable cause, the review is typically more comprehensive. But section 2254 does not require state courts to provide written opinions, Richter, 562 U.S. at 98, 131 S.Ct. 770, and it does not set a thoroughness standard, see Johnson v. Williams, — U.S. -, 133 S.Ct. 1088, 1095-96, 185 L.Ed.2d 105 (2013). That the Georgia Supreme Court may choose to conduct a more probing review of appeals after granting a certificate of probable cause does not mean that a denial of a certificate of probable cause is not also on the merits. Indeed, in a recent summary denial of an application for a certificate of probable Cause, the Georgia Supreme Court stated that it “fully considered [the petitioner’s] application on the merits” and denied the application “as lacking arguable merit.” Lucas v. Chatman, No. S16W1408 (Ga. Apr. 27, 2016). For every application for a certificate of probable cause, the Georgia Supreme Court must satisfy itself that the petitioner’s claims are either procedurally defaulted or meritless.
And, in fact, the Georgia Supreme Court thoroughly reviews the evidence and the petitioner’s arguments before denying an application for a certificate of probable cause. The Georgia Supreme Court makes its decision with the aid of the complete record and transcript, which the clerk of the superior court is required to transfer to the clerk of the Supreme Court. See Ga. Code Ann. § 9-14-52(b). Although the Georgia Supreme Court frequently denies an application summarily, it sometimes writes lengthy opinions to explain why a prisoner’s claims are without merit. See, e.g., Gibson v. Turpin, 270 Ga. 855, 513 S.E.2d 186, 187 (1999) (denying prisoner’s application for a certificate of probable cause in a twelve-page decision over a dissent because, among other reasons, his attorney’s representation was not deficient). On numerous occasions, Justice Carley has dissented from a summary denial of a certificate of probable cause on the ground that the Georgia Supreme Court should not have “dispose[d] of the case on the merits” because the prisoner *1234 did not comply with the procedural requirements for seeking a certificate of probable cause. Alderman v. Head, 274 Ga. 761, 559 S.E.2d 72, 72 (2002) (Carley, J., dissenting); see also, e.g., Colton v. Morgan, 270 Ga. 877, 514 S.E.2d 822, 822 (1999) (Carley, J., dissenting); Hamm v. Johnson, 270 Ga. 573, 514 S.E.2d 822, 822 (1999) (Carley, J., dissenting); Ferguson v. Hall, 270 Ga. 464, 512 S.E.2d 604, 604 (1999) (Carley, J., dissenting). The Georgia Supreme Court clearly understands that a summary denial of a certificate of probable cause is a determination that a prisoner’s claims lack merit. To contend that the denial is not an adjudication on the merits is to suggest that the elaborate procedures of the Georgia courts are a sham. We refuse to endorse that suggestion.
The courts of last resort in many other states provide a discretionary appeals process similar to certiorari review. For example, in granting or denying a writ, the Louisiana Supreme Court exercises its “sound judicial discretion” and considers a number of nonexhaustive factors including whether the appeal presents “a significant issue of law which has not been ... resolved,” the decision of the court of appeal “will cause material injustice or significantly affect the public interest,” or “the controlling precedents should be overruled or substantially modified.” La. Sup. Ct. R. 10(a). The rules in Illinois and Pennsylvania also provide for review in the “sound judicial discretion” of the court, Ill. Sup. Ct. R. 315(a); Pa. R. App. P. 1114(a), and the rules in Massachusetts provide for review when it is in “the public interest” or “the interests of justice,” Mass. R. App. P. 27.1(e). These courts decide whether to review an appeal based, at least in part, on considerations other than the merits of the appeal. Unlike the Georgia Supreme Court, these state supreme courts may deny an application to appeal a denial of collateral relief without determining that the appeal lacks merit and, as a result, these denials are not adjudications on the merits.
Georgia courts and practitioners sometimes refer to the process by which a certificate of probable cause is reviewed as “discretionary,” but they mean something different from traditional certiorari review. Black’s Law Dictionary defines “discretionary review” as “[t]he form of appellate review that is not a matter of right but that occurs only with the appellate court’s permission.” Review, Black’s Law Dictionary (10th ed. 2014). Georgia courts and practitioners use the term “discretionary” to distinguish appeals requiring permission from appeals as of right, not to describe a certiorari-type procedure. For example, a well-reputed treatise of Georgia appellate practice notes that an application for leave to appeal a final judgment under section 5-6-35 of the Georgia Code — which cannot be denied when there is “[rjeversible error,” Ga. Sup. Ct. R. 34 — “is widely referred to as ‘discretionary review.’ ” Christopher J. McFadden et al., Ga. Appellate Practice with Forms § 13:1 (2015-16 ed. 2015). “[B]ut practitioners should not be led astray by the term. As understood by both appellate courts, there is no discretion to deny an application for ‘discretionary review’ when reversible error appears to exist.” Id. (citing Nw. Soc. & Civic Club, Inc. v. Franklin, 276 Ga. 859, 583 S.E.2d 858 (2003)). The authors anticipated that the term “discretionary review” may cause confusion and clarified that in Georgia “discretionary review” may still require an adjudication on the merits. The denial of an application for a certificate of probable cause is both discretionary, as the term is understood in Georgia law, and an “adjudication] on the merits” under section 2254.
In its supplemental brief, Georgia expressed concern that if a denial of a certificate of probable cause is an adjudication on the merits, a silent denial of a *1235 certificate of probable cause may eradicate a procedural bar relied on by a state court below, but Ylst prevents that result. The Supreme Court of the United States held in Ylst that “[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment ... rest upon the same ground.” Ylst, 501 U.S. at 803, 111 S.Ct. 2590. If “the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.” Id. A summary denial of a certificate of probable cause is not on the merits for any claim that was procedurally barred below. Georgia’s concern is unfounded.
The superior court denied Wilson’s claims only on the merits. The summary denial of Wilson’s application for a certificate of probable cause by the Georgia Supreme Court is the final state court adjudication on the merits. We must review that latter decision.

B. Federal Courts Need Not “Look Through” a Summary Decision on the Merits to Review the Reasoning of the Lower State Court.

The deferential standard of section 2254(d) applies regardless of whether the state court decision “is unaccompanied by an opinion explaining the reasons relief has been denied.” Richter, 562 U.S. at 98, 131 S.Ct. 770. When the last adjudication on the merits provides a reasoned opinion, federal courts evaluate the opinion. 28 U.S.C. 2254(d); see, e.g., Porter v. McCollum, 558 U.S. 30, 42-44, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009). When the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in Richter. In Richter, an inmate filed a petition for a writ of habeas corpus in the California Supreme Court, which summarily denied the petition. Richter, 562 U.S. at 96, 131 S.Ct. 770. When the inmate filed a federal petition for a writ of habeas corpus, the Supreme Court of the United States ruled that, “[w]here a state court’s decision is unaccompanied by an explanation,” a petitioner’s burden under section 2254(d) is to “show[ ] there was no reasonable basis for the state court to deny relief.” Id. at 98, 131 S.Ct. 770. “[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court’s decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court.” Id. at 102, 131 S.Ct. 770. Under that test, Wilson must establish that there was no reasonable basis for the Georgia Supreme Court to deny his certificate of probable cause.
Wilson argues that Richter applies only when there is no reasoned decision from any state court. He argues that, when a previous state adjudication offered a reasoned opinion, Ylst requires federal courts to “look through” the summary denial and review that previous opinion under the standard outlined in section 2254. We disagree.
Nothing in the Act or Richter suggests that its reasoning is limited to the narrow subset of habeas petitions where there is no reasoned decision from any state court. Under section 2254(d), a federal court reviewing the judgment of a state court must first identify the last adjudication on the merits. It does not matter whether that adjudication provided a reasoned opinion because section 2254(d) “refers only to a ‘decision’ ” and does not “requir[e] a statement of reasons.” Id. at 98, 131 S.Ct. 770. The federal court then must review that decision deferentially. In Richter, the Supreme Court explained how to review a decision “unaccompanied by an *1236 opinion.” Id. There is no basis in the Act or Richter for two divergent analytical modes — one when there is no previous reasoned decision below and another for when there is.
Ylst involved the application of the doctrine of procedural default — a judge-made doctrine, see McQuiggin v. Perkins, — U.S. -, 133 S.Ct. 1924, 1937, 185 L.Ed.2d 1019 (2013) (Scalia, J., dissenting) — in the review of state-court judgments that do not clearly state whether they rest on procedural grounds or adjudicate the merits of a federal claim. See Ylst, 501 U.S. at 802, 111 S.Ct. 2590. Under the doctrine of procedural default, federal courts do not review the merits of a state prisoner’s federal claim if “a state-law default prevent[ed] the state court from reaching the merits.” Id. at 801, 111 S.Ct. 2590; see also Wainwright v. Sykes, 433 U.S. 72, 81, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In Ylst, an inmate in a California prison appealed his conviction for murder on the ground that the state introduced evidence obtained in violation of the Fifth and Fourteenth Amendments. 501 U.S. at 799, 111 S.Ct. 2590. The California appellate court ruled that the inmate procedurally defaulted his federal claim because he raised it for the first time on appeal. Id. When the inmate filed a petition for collateral relief in state court, the trial court and appellate courts summarily denied relief. Id. at 800, 111 S.Ct. 2590. The inmate then filed a federal petition for a writ of habeas corpus, and the district court ruled that the “state procedural default barred federal review.” Id. The Supreme Court of the United States held that, where “the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.” Id. at 803, 111 S.Ct. 2590. And if the last reasoned opinion of a state court adjudicated a federal claim, federal courts should presume that the later state decision affirming without explanation also adjudicated the merits of that claim. Id.
It makes sense to assume that a summary affirmance rests on the same general ground — that is, a procedural ground or on the merits — as the judgment under review. As the Ylst Court explained, it is “most improbable” that an “unexplained order leaving in effect a decision ... that expressly relies upon procedural bar” actually “reject[ed] that bar and decid[ed] the federal question.” Id. at 803-04, 111 S.Ct. 2590. But it does not follow that a summary affirmance rests on the same specific reasons provided by the lower court.
The Supreme Court of the United States after all does not adopt the reasoning of a lower court when it issues a summary disposition. When the Court vacated the judgement of a three-judge district court after the district court erroneously interpreted a summary affirmance by the Supreme Court, Chief Justice Burger explained in a concurring opinion, “When we summarily affirm, without opinion, the judgment of a three-judge District Court we affirm the judgment but not necessarily the reasoning by which it was reached.” Fusari v. Steinberg, 419 U.S. 379, 391, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975) (Burger, C.J., concurring). In Mandel v. Bradley, 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977), the Court quoted Chief Justice Burger approvingly and re iterated that “[b]ecause a summary affirmance is an affirmance of the judgment only, the rationale of the affirmance may not be gleaned solely from the opinion below.” Id. at 176, 97 S.Ct. 2238. Since then, the Supreme Court has repeatedly confirmed this explanation of its summary affirmances. See, e.g., Montana v. Crow Tribe of Indians, 523 U.S. 696, 714 n.14, 118 S.Ct. 1650, 140 L.Ed.2d 898 (1998) (“A summary disposition affirms only the judgment of the court *1237 below, and no more may be read into our action than was essential to sustain that judgment.” (quoting Anderson v. Celebrezze, 460 U.S. 780, 784 n.5, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983))); Wis. Dep’t of Revenue v. William Wrigley, Jr., Co., 505 U.S. 214, 224 n.2, 112 S.Ct. 2447, 120 L.Ed.2d 174 (1992) (“[0]ur summary disposition affirmed only the judgment below, and cannot be taken as adopting the reasoning of the lower court.”); Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm’n, 461 U.S. 190, 212 n.24, 103 S.Ct. 1713, 75 L.Ed.2d 752 (1983) (“[A]s with all summary affirmances, our action ‘is not to be read as an adoption of the reasoning supporting the judgment under review.’ ” (quoting Zobel v. Williams, 457 U.S. 55, 64 n.13, 102 S.Ct. 2309, 72 L.Ed.2d 672 (1982))). And this Court has interpreted a summary affirmance by our predecessor circuit as “only approving] the result reached in the district court without expressly approving the opinion or adopting its reasons.” DeShong v. Seaboard Coast Line R.R. Co., 737 F.2d 1520, 1523 (11th Cir. 1984). It makes no sense, and would run counter to principles of federalism and comity, to constrain state courts in their use of summary affirmances in a way that we do not constrain ourselves.
An appellate court might affirm because it agrees with the disposition of a claim for a different reason. This Court frequently affirms “on any ground supported by the reeord[,] even if that ground was not considered by the district court.” Clements v. LSI Title Agency, Inc., 779 F.3d 1269, 1273 (11th Cir. 2015) (alteration in original) (quoting Seminole Tribe of Fla. v. Fla. Dep’t of Revenue, 750 F.3d 1238, 1242 (11th Cir. 2014)); see also United States v. Hall, 714 F.3d 1270, 1271 (11th Cir. 2013) (“[W]e may affirm for any reason supported by the record, even if not relied upon by the district court.” (alteration in original) (quoting United States v. Chit-wood, 676 F.3d 971, 975 (11th Cir. 2012))). In particular, this Court can affirm the denial of a writ of habeas corpus “for reasons other than those advanced by the district court.” Demps v. Wainwright, 805 F.2d 1426, 1428 (11th Cir. 1986). Our sister circuits do too. See, e.g., Sullo & Bobbitt, P.L.L.C. v. Milner, 765 F.3d 388, 392 (5th Cir. 2014) (“We are not limited to the district court’s reasons for its grant of summary judgment and may affirm the district court’s summary judgment on any ground raised below and supported by the record.” (quoting Boyett v. Redland Ins. Co., 741 F.3d 604, 606-07 (5th Cir. 2014))); Davis v. HSBC Bank Nev., N.A., 691 F.3d 1152, 1159 (9th Cir. 2012) (“[W]e can affirm ... on any ground supported by the record, even if the district court did not -rely on the ground.” (quoting United States v. Corinthian Colls., 655 F.3d 984, 992 (9th Cir. 2011))).
To be sure, the Supreme Court stated in Ylst that “silence implies consent,” 501 U.S. at 804, 111 S.Ct. 2590, but it recited this “maxim” to explain why it is “most improbable” that a court would silently disregard a procedural default. Id. We should not apply Ylst to a different context that it did not address. Ylst creates a rebuttable presumption that state procedural default rulings are not undone by unexplained orders. See id. It does not direct a federal court to treat the reasoning of a decision on the merits by a lower court as the reasoning adopted by a later summary decision that affirms on appeal, especially since neither the Supreme Court nor any federal circuit court operates that way. As Judge O’Scannlain explained, “[i]t makes far more sense to assume that the [state supreme court] adhered to an established practice of summarily denying mer-itless claims rather than to presume” that the state supreme court “adopted wholesale the reasoning” of a lower court. Cannedy v. Adams, 733 F.3d 794, 800-01 *1238 (2013) (O’Scannlain, J., dissenting from the denial of rehearing en banc).
Because appellate courts may affirm for different reasons, federal courts should not, under the deferential standard of review established in section 2254, assume that the summary affirmances of state appellate courts adopt the reasoning of the court below. “AEDPA’s requirements reflect a ‘presumption that state courts know and follow the law.’ ” Woods v. Donald, — U.S. -, 135 S.Ct. 1372, 1376, 191 L.Ed.2d 464 (2015) (quoting Woodford v. Visciotti, 537 U.S. 19, 24, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002)). Federal habeas review acts as a “ ‘guard against extreme malfunctions in the state criminal justice systems,’ not a substitute for ordinary error correction through appeal.” Richter, 562 U.S. at 102-03, 131 S.Ct. 770 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5, 99 S.Ct. 2781, 61 L.Edüd 560 (1979)). “AEDPA thus imposes a ‘highly deferential standard for evaluating state-court rulings’ and ‘demands that state-court decisions be given the benefit of the doubt.’ ” Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010) (citation omitted) (quoting Lindh v. Murphy, 521 U.S. 320, 333 n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and Visciotti, 537 U.S. at 24, 123 S.Ct. 357). “Adherence to these principles serves important interests of federalism and comity.” Donald, 135 S.Ct. at 1376. Accordingly, even when the opinion of a lower state court contains flawed reasoning, the Act requires that we give the last state court to adjudicate the prisoner’s claim on the merits “the benefit of the doubt,” Renico, 559 U.S. at 773, 130 S.Ct. 1855 (quoting Visciotti, 537 U.S. at 24, 123 S.Ct. 357), and presume that it “followed] the law,” Donald, 135 S.Ct. at 1376 (quoting Visciotti, 537 U.S. at 24, 123 S.Ct. 357).
Likewise, the Supreme Court has explained that the doctrine of procedural default in habeas cases “is grounded in concerns of comity and federalism.” Coleman v. Thompson, 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). “Without the rule, ... habeas would offer state prisoners whose custody was supported by independent and adequate state grounds ... a means to undermine the State’s interest in enforcing its laws.” Id. at 730-31, 111 S.Ct. 2546. Ylst protected this doctrine by directing federal courts to consider whether a state decision rested on a procedural default in instances where the last state court judgment was a summary order.
Wilson and Georgia would have us ignore these interests of federalism and comity and impose opinion-writing standards on state appellate courts. Under their approach, a state appellate court that adjudicates a prisoner’s federal claim on the merits would have to provide a statement of reasons to prevent a federal court, on habeas review, from treating the decision of that state appellate court as a rubberstamp of the opinion below. But the Supreme Court has instructed us to do otherwise. It has stated, “[W]e have no power tell state courts how they must write their opinions.” Id. at 739, 111 S.Ct. 2546. And it has since repeated the point: “[F]ederal courts have no authority to impose mandatory opinion-writing standards on state courts.” Williams, 133 S.Ct. at 1095. And for good reason: requiring state courts to provide rationales would impose a heavy burden. “The caseloads shouldered by many state appellate courts are very heavy, and the opinions issued by these courts must be read with that factor in mind.” Id. at 1095-96 (footnote omitted). “[RJequiring a statement of reasons could undercut state practices designed to preserve the integrity of the case-law tradition. The issuance of summary dispositions in many collateral attack cases can enable a state judiciary to concentrate its resources on the cases where opinions are *1239 most needed.” Richter, 562 U.S. at 99, 131 S.Ct. 770. This Circuit has explained that “[t]elling state courts when and how to write opinions to accompany their decisions is no way to promote comity.” Bishop v. Warden, GDCP, 726 F.3d 1243, 1255 (11th Cir. 2013) (alteration in original) (quoting Wright v. Sec’y, Dep’t of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002)). Judge Jill Pryor’s dissent argues that its approach would not impose opinion-writing standards because the Georgia Supreme Court could issue a one-line order stating that it agreed with the result reached by a lower court but not for the same reasons. But that approach does nothing less than impose an opinion-writing standard. We decline to read Ylst and Richter in a way that “smacks of a ‘grading papers’ approach that is outmoded in the post-AED-PA era.” Id. (quoting Wright, 278 F.3d at 1255).
Judge Jill Pryor’s dissent argues that the Georgia Supreme Court intends to adopt the opinion of a lower court when it summarily affirms and that we should not assign those summary affirmances the meaning of summary affirmances by federal appellate courts, but we disagree with the dissent’s interpretation of Georgia law. Nothing in Georgia law or the practice of the Georgia Supreme Court proves that a summary denial of an application for a certificate of probable cause adopts the reasoning of the superior court. That the Georgia Supreme Court sometimes provides reasons for its denial of an application for a certificate of probable cause when it disagrees with certain reasoning by the superior court does not prove that the Georgia Supreme Court endorses the opinion of the superior court every time it does not write an opinion. It proves only that the Georgia Supreme Court sometimes chooses to provide reasons for a decision. Because we must give state court decisions the “the benefit of the doubt,” Renico, 559 U.S. at 773, 130 S.Ct. 1855 (quoting Visciotti, 537 U.S. at 24, 123 S.Ct. 357), we cannot assume that state practice is different from federal practice absent any indication from state law.
When assessing under Richter whether there “was no reasonable basis for the state court to deny relief,” 562 U.S. at 98, 131 S.Ct. 770, a federal habeas court may look to a previous opinion as one example of a reasonable application of law or determination of fact. For example, in Gissendaner v. Seaboldt, 735 F.3d 1311 (11th Cir. 2013), we affirmed the denial of a claim of ineffective assistance of counsel because “the state habeas court’s finding that Gissendaner had failed to demonstrate the requisite prejudice did not involve an unreasonable application of Strickland or an unreasonable determination of fact.” Id. at 1318. When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state supreme court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.
As amicus argues, under the “look through” approach, federal courts would always attribute the reasoning of a lower court to a state appellate court that summarily affirmed, even in circumstances where it is implausible that the state appellate court adopted that reasoning wholesale. For example, between the date of a lower court decision and the date of a summary affirmance by the state supreme court, the Supreme Court of the United States might issue a decision that changes “clearly established Federal law,” 28 U.S.C. § 2254(d). By “looking through” to *1240 the lower court decision, the federal court would assume that the state supreme court willfully ignored the intervening change in law, instead of assuming that the state supreme court considered the new law and ultimately reached the same disposition of the claim as the lower court, although for different reasons (such as harmless error). But the Supreme Court has instructed us to “presum[e] that state courts know and follow the law.” Donald, 135 S.Ct. at 1376 (quoting Visciotti, 537 U.S. at 24, 123 S.Ct. 357).
Wilson argues that in instances (where an intervening Supreme Court ruling bears on the case, the Ylst presumption would be rebutted, but it would be rebutted by reviewing the state court proceedings in a way that is contrary to the requirements of section 2254. To rebut the presumption, a federal court would presumably consider the opinion of the lower court, the later unexplained order by the state appellate court, and the briefing before that appellate court, see Ylst, 501 U.S. at 804, 111 S.Ct. 2590, thereby reviewing the entire process by which a prisoner’s federal claim was adjudicated. But section 2254 refers to a single adjudication and its resulting “decision.” By reviewing one final state court decision, instead of inspecting how different state courts ruled before that final decision, federal courts in habeas review “leave[ ] primary responsibility with the state courts,” Visciotti, 537 U.S. at 27, 123 S.Ct. 357.
The Supreme Court has never held that a federal court must “look through” the last adjudication on the merits and examine the specific reasoning used by the lower state court. The phrase “look through” from Ylst has come to stand for the routine practice of “looking through” denials of appellate review that are not on the merits to locate the proper state court adjudication on the merits for purposes of section 2254(d). For example, in Brumfield v. Cain, — U.S. -, 135 S.Ct. 2269, 192 L.Ed.2d 356 (2015), the prisoner filed a state postconviction petition that raised an Atkins claim and requested an evidentiary hearing. See Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002). The state trial court dismissed Brumfield’s petition and stated that Brum-field “had not demonstrated impairment in adaptive skills.” Brumfield, 135 S.Ct. at 2289. The Louisiana Supreme Court then “summarily denied his application for a supervisory writ to review the trial court’s ruling.” Id. at 2275. “In conducting the § 2254(d)(2) inquiry,” the Supreme Court of the United States “ ‘look[ed] through’ the Louisiana Supreme Court’s summary denial of Brumfield’s petition for review.” Id. at 2276. Because, as noted above, the denial of a supervisory writ in Louisiana is not on the merits, see La. Sup. Ct. R. 10, the Louisiana Supreme Court did not adjudicate Brumfield’s claim on the merits when it denied his application. For this reason, the decision of the state trial court was the last state court adjudication on the merits.
Similarly, in Johnson v. Williams, the Supreme Court approved the approach of the Ninth Circuit of looking through the California Supreme Court’s summary denial of the petition for review. See 133 S.Ct. at 1094 n.l. The Ninth Circuit had “look[ed] through” the “state court’s decision to deny discretionary review” because, unlike the summary denial of an original petition reviewed in Richter, it was “decidedly not a decision on the merits.” Williams v. Cavazos, 646 F.3d 626, 636 (9th Cir. 2011) (emphasis added), rev’d sub nom. Johnson v. Williams, 133 S.Ct. 1088; see Cal. R. Ct. 8.500(b). For the same reason, the Supreme Court has reviewed decisions from the Michigan Court of Appeals in circumstances where the Michigan Supreme Court later denied discretionary, certiorari-style review, Mich. Ct. R. 7.305. *1241 See Donald, 135 S.Ct. at 1375; Burt v. Titlow, — U.S.-, 134 S.Ct. 10, 15, 187 L.Ed.2d 348 (2013); Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 1383, 182 L.Ed.2d 398 (2012). In all of these decisions, the Supreme Court did not “look through” the last adjudication on the merits to review the last reasoned opinion of a state court but instead looked through discretionary denials of review to identify the last adjudication on the merits.
Contrary to the dissents’ argument, the Supreme Court did not hold in Premo v. Moore, 562 U.S. 115, 131 S.Ct. 733, 178 L.Ed.2d 649 (2011), that a federal court must “look through” a summary decision to review the reasoning used by a lower court. In Moore, a state trial court denied Moore’s petition for postconviction relief, and the Oregon Court of Appeals affirmed without opinion. Moore v. Palmateer, 174 Or.App. 321, 26 P.3d 191 (2001) (table). The Supreme Court did not say it looked through the unexplained order, and, in fact, it did not “look through.” After describing the decision of the trial court in two sentences, Moore, 562 U.S. at 123, 131 S.Ct. 733, the Supreme Court proceeded to discuss why it “would not have been unreasonable” for the state court to conclude, id. at 124, 127, 128, 131 S.Ct. 733, or “reasonably could have concluded,” id. at 131, 131 S.Ct. 733, that Moore was not entitled to relief. The Supreme Court instead appears to have applied Richter despite the trial court offering a reasoned opinion. Indeed, Judge Jill Pryor’s dissent even admits that the Supreme Court applied the Richter test. Judge Jill Pryor’s dissent reasons that the Supreme Court applied the Richter test because the state court “did not specify,” id. at 123,131 S.Ct. 733, on which prong of Strickland it ruled, but the Supreme Court never suggested that Richter would apply only when a state ruling is unclear. Even if the Supreme Court had looked to the reasons provided by the trial court, it would not establish that a federal court must evaluate only the reasons provided by a lower state court because, as in Gissendaner, the Supreme Court concluded that Moore was not entitled to relief. Id. Moore neither applied the look-through rule nor implied that we must “look through” in the circumstances we consider here.
Several of our sister circuits have stated that courts must “review the last reasoned state court decision,” Woodfox v. Cain, 772 F.3d 358, 369 (5th Cir. 2014) (quoting Batchelor v. Cain, 682 F.3d 400, 405 (5th Cir. 2012)), but only the Fourth and Ninth Circuits have expressly applied this rule to “look through” an on-the-merits adjudication of a higher state court and then grant habeas relief, see Grueninger v. Dir., Va. Dep’t of Corr., 813 F.3d 517, 525-27 (4th Cir. 2016); Cannedy v. Adams, 706 F.3d 1148, 1158, 1166 (9th Cir. 2013). Other circuit courts have stated this rule but have in fact only “looked through” discretionary denials. See, e.g., Sanchez v. Roden, 753 F.3d 279, 298 n.13 (1st Cir. 2014); Woodfox, 772 F.3d at 369; Woolley v. Rednour, 702 F.3d 411, 421 (7th Cir. 2012). For example, in Woolley v. Rednour, the Seventh Circuit reviewed the written opinion of the Illinois Appellate Court rejecting Woolley’s Strickland claim after the Supreme Court of Illinois had denied Woolley leave to appeal. 702 F.3d at 421. The Seventh Circuit stated that the ruling of the Illinois Appellate Court was the “last reasoned opinion” and that the Illinois Supreme Court “presumptively adopt[ed] the reasoning of the state appellate court under Ylst.” Id. at 422. But we too would have reviewed the opinion of the Illinois Appellate Court under our reading of Supreme Court precedent because the denial of Wooley’s petition for leave to appeal was under a discretionary review process. See Ill. Sup. Ct. R. 315(a). The decision of the Illinois Appellate Court was both the “last reasoned opinion,” Woolley, 702 F.3d at *1242 422, as well as the “last state-court adjudication on the merits,” Greene, 132 S.Ct. at 45.
The Fourth and Ninth Circuits held— and two Justices of the Supreme Court agree — that Richter governs only where “there was no reasoned decision by a lower court” and that Ylst provides the rule where there is one, Cannedy, 706 F.3d 1148; see Hittson v. Chatman, — U.S. -, 135 S.Ct. 2126, 192 L.Ed.2d 887 (2015) (Ginsburg, J., joined by Kagan, J., concurring in the denial of certiorari); Grueninger, 813 F.3d at 525-27, but we respectfully disagree. That approach reads Ylst too broadly and Richter too narrowly. The Fourth Circuit cited Brumfield as limiting the Richter rule to circumstances in which no state court has written an opinion. See Grueninger, 813 F.3d at 526-27. But, as explained above, the Supreme Court in Brumfield looked through a discretionary denial of review and had no opportunity to apply or qualify Richter. In an opinion concurring in the denial of cer-tiorari in Hittson, Justice Ginsburg stated that because Ylst directs federal habeas courts to “look through” state decisions “to determine whether a claim was procedurally defaulted[,] [tjhére is no reason not to ‘look through’ such adjudications, as well, to determine the particular reasons why the state court rejected the claim on the merits.” Hittson, 135 S.Ct. at 2128. Yet one reason to “look through” for purposes of procedural default but no further is that appellate courts often affirm on bases not relied on by lower courts. Indeed, Justice Ginsburg’s concurrence serves as a perfect illustration. She concurred in the denial of certiorari because she was “convinced that the Eleventh Circuit would have reached the same conclusion had it properly applied Ylst.” Id. Justice Ginsburg was satisfied with our decision on the merits even though she did not agree with our reasoning. Because appellate courts may affirm for different reasons, presuming that state appellate courts affirm only for the precise reasons given by a lower court deprives them of the “benefit of the doubt” that the Act and Richter require, Renico, 559 U.S. at 773, 130 S.Ct. 1855 (quoting Visciotti, 537 U.S. at 24, 123 S.Ct. 357).
III. CONCLUSION
We REMAND this appeal to the panel for consideration of the remaining issues.