[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15593
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81318-KLR

JONATHAN MORALES,

Petitioner - Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jonathan Morales appeals the district court's denial of his pro se 28 U.S.C.

§ 2254 petition.  We granted a certificate of appealability on four issues concerning

defense counsel's effectiveness under the Sixth Amendment.  Upon review, we affirm the district court's denial of habeas relief.  *See Madison v. Comm'r, Alabama Dep't of Corr.*, 851 F.3d 1173, 1182 (11th Cir. 2017) (relief under § 2254 is available when "state court's decision (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'") (quoting 28 U.S.C. § 2254(d)).

After his convictions on two counts of murder, Mr. Morales filed a motion to set aside the judgment.  The trial court rejected his claims as meritless.  On appeal, the Fourth District affirmed per curiam without opinion, *see Morales v. State*, 92 So. 3d 839 (Fla. 4th DCA 2012), which we also treat as a rejection of Mr. Morales' claims on the merits.  *See Shelton v. Sec'y, Dep't of Corr.*, 691 F.3d 1348, 1353 (11th Cir. 2012); *Wilson v. Warden, Georgia Diagnostic Prison*, 834 F.3d 1227, 1231–32 (11th Cir. 2016) ("if the last adjudication does not explain the state court's reasoning, the federal court must determine what arguments or theories supported or . . . could have supported the state court's decision").  Mr. Morales then attacked his judgment through a federal § 2254 habeas petition. The district court denied the petition, and we granted a certificate of appealability on four claims.  This appeal followed.

2

Mr. Morales first argues his attorney was ineffective for failing to strike juror Karen Taylor. A court employee overheard Ms. Taylor questioning why Mr. Morales would not testify in his defense and admitted to making the comments when later questioned by the court. Mr. Morales maintains that any reasonable attorney would have struck the juror because the comments show she could not be impartial. *See Morgan v. Illinois*, 504 U.S. 719, 726–727 (1992) (a juror who is not impartial must be removed for cause); *Butts v. GDCP Warden*, 850 F.3d 1201, 1213 (11th Cir. 2017) (ineffective assistance claim requires proof that "counsel's performance was deficient," and "that the deficient performance prejudiced the defense") (citation and quotation marks omitted). His argument, however, ignores the subsequent questioning of the juror. During examination, Ms. Taylor confirmed that she "absolutely" understood Mr. Morales had a right not to testify and that she "absolutely" could be a fair juror even if Mr. Morales did not testify. *See* D.E. 12-3 at 22:15–17; 19–25. This was enough to establish she could be impartial. *See Skilling v. United States*, 561 U.S. 358, 398–399 (2010) ("it is sufficient if the juror can lay aside [her] impression or opinion and render a verdict based on the evidence presented in court"); *Hallford v. Culliver*, 458 F.3d 1193, 1204 (11th Cir. 2006) (jurors are presumed to follow the law as instructed by the trial court). Moreover, both defense counsel and Mr. Morales told the trial court that they wanted to keep Ms. Taylor on the jury.

3

Mr. Morales next argument takes aim at his counsel's alleged failure to investigate and call Brandon Hammond as a witness.  Mr. Morales was convicted of two murders that, based on trial testimony, occurred after he and a group of individuals drove to Mr. Hammond's home to purchase a large amount of cocaine. Mr. Morales points to a written statement by Mr. Hammond which states Mr. Hammond never met Mr. Morales.  This testimony, Mr. Morales argues, would have established his innocence.  But the statement is generally consistent with the witnesses' trial testimony, which established that another member of the group had known Mr. Hammond and was the one to go into Mr. Hammond's home to purchase cocaine.  Under the circumstances, counsel's failure to call Mr. Hammond did not constitute ineffective assistance.  *See Raleigh v. Sec'y, Florida Dep't of Corr.*, 827 F.3d 938, 956 (11th Cir. 2016) ("Which witnesses, if any, to call, and when to call them, is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess.") (citation and quotation marks omitted); *Nejad v. Attorney Gen., State of Georgia*, 830 F.3d 1280, 1290 (11th Cir. 2016) ("Under *Strickland*, a defendant is prejudiced by his counsel's deficient performance if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (citation and quotation marks omitted).

4

Mr. Morales' third argument challenges counsel's failure to object to statements made by the prosecutor at closing argument, specifically, alleged statements painting Mr. Morales as "a crew or gang member" hired to commit murders. Mr. Morales contends the comments were unsupported by the record and amounted to objectionable prosecutorial misconduct. We disagree. The comments made by the prosecutor—that Mr. Morales and a group of individuals traveled to Mr. Hammond's house to buy cocaine; that the "boss of the drug house" was Mr. Hammond; that Mr. Hammond "went nuts" when he found out strangers, the eventual victims, had been brought to the drug house; and that Mr. Morales and his co-defendant killed their victims "to silence the boys who saw something they were not supposed to know, where 'B' [Mr. Hammond] is, where his drug house is, where the drugs are"—were all reasonably supported by the record. *See* Tr. Tran., D.E. 12-4 at 259:12–260:17; *Stephens v. Sec'y, Florida Dep't of Corr.*, 678 F.3d 1219, 1227 (11th Cir. 2012) (rejecting ineffective assistance claim where prosecutor's comments were not improper).

Finally, Mr. Morales argues his counsel's alleged cumulative errors deprived him of a right to a fair trial. We are, however, limited to the issues presented in the certificate of appealability, *see Jordan v. Sec'y Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007), and we have rejected all of the claims of error before us. There are, therefore, no errors to cumulate.

5

Accordingly, we affirm the district court's dismissal of Mr. Morales' habeas petition.

**AFFIRMED**.