[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12054
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-23896-MGC

JAVIER SOLIS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS FOR THE STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2018)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Javier Solis, a Florida prisoner, appeals *pro se* the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Solis argues that the state trial and postconviction courts violated his right to due process and that both his trial and his appellate counsel were ineffective. Because the decisions of the Florida courts rejecting Solis's arguments reasonably applied clearly established federal law, we affirm.

Solis raised nine issues to invalidate his convictions and sentence for burglary with assault and for sexual battery. Solis contested the denial of his motion for a mistrial based on the state allegedly shifting the burden to him to present an alibi defense. Solis also alleged that trial counsel was ineffective for failing to object to Detective Castaneda's authentication of photographs; for failing to object to the detective's testimony about a warning to be on the lookout and about his arrival at the crime scene; for conceding that Solis was guilty of assault; and for failing to object to Solis's sentence as being based on his arrests for two similar offenses. Solis also alleged that the postconviction court had an *ex parte* communication with the state. Finally, Solis alleged that his appellate counsel was ineffective for failing to challenge Solis's sentence and to challenge a hearsay statement made by Castaneda. The Florida court summarily rejected all of Solis's postconviction arguments.

We review *de novo* the denial of a petition for a writ of habeas corpus. *Borden v. Allen*, 646 F.3d 785, 808 (11th Cir. 2011). The Antiterrorism and Effective Death Penalty Act of 1996 prohibits granting "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim . . . was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). "By its terms, Section 2254(d) bars relitigation of any claim 'adjudicated on the merits,'" even if the "state court's decision is unaccompanied by an explanation," *Harrington v. Richter*, 562 U.S. 86, 98 (2011), unless the petitioner can "show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *id.* at 103. And because the factual findings of the state court are "presumed to be correct," the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The relevant state decision for federal review is the last adjudication on the merits. *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc).

The state court did not unreasonably apply clearly established federal law when it rejected Solis's argument that he was denied a fair trial because the state

3

shifted the burden to him to prove his innocence with alibi evidence when it inquired whether he had given a statement about being with his brother and submitted rebuttal testimony about his statement. *See United States v. Simon*, 964 F.2d 1082, 1086 (11th Cir. 1992). Solis testified that he was unsure of his whereabouts at the time of the crimes and that he could have been with the victim if she were one of 20 prostitutes he had paid for sex. The prosecutor asked Solis about giving a statement "that he remembered the day because [he] [was] with [his] brother," Solis responded, "I told [Castaneda] it's possible." Later, the detective testified that Solis said he had worked on a bathroom in his brother's house when the crimes occurred. Because Solis's trial testimony conflicted with his prior statement to the detective, the prosecutor could use Solis's statement for impeachment on rebuttal. The trial court commented that the prosecutor never alluded to the absence of Solis's brother during the trial, which might have suggested to the jury that Solis should have called his brother as a witness. *See Simon*, 964 F.2d at 1086.  The state court could have reasonably concluded that Solis's statement was used for the permissible purpose of testing his credibility.

The state postconviction court could have also reasonably concluded that Solis's trial counsel was not ineffective. The state court could have reasonably concluded that trial counsel had no reason to object to Castaneda's testimony or to Solis's sentence. *See Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008).

4

Castaneda could authenticate photographs of the crime scene that he witnessed the photographer take. *See* Fed. R. Evid. 901. Castaneda's testimony about receiving a warning to be on the lookout "with a description of the person [they were] looking for" and about the purpose of a lookout warning was unobjectionable and was devoid of any incriminating hearsay information that might have been in the actual warning. *See* Fed. R. Evid. 801(c); *United States v. Cain*, 587 F.2d 678, 680 (5th Cir. 1979). It would have been futile to challenge Castaneda's testimony about being at the crime scene based solely on Solis's conjecture that the testimony was false. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). The state court also could have reasonably determined that trial counsel, faced with the victim's positive identification and biological evidence connecting Solis to the crimes, made a strategic decision to concede that Solis was guilty of assault and to focus on the failure of the state to produce direct evidence that he had burgled her vehicle. *See Strickland v. Washington*, 466 U.S. 668, 690 (1984). And after trial counsel objected at sentencing to evidence of Solis's arrests, the trial court stated that it was "not considering the facts" of nor would Solis "be punished" for other bad acts.

Solis was entitled to no relief on his claim about an *ex parte* communication between the postconviction court and the state. A district court may summarily dismiss a petition that fails "to state facts that point to a 'real possibility of

constitutional error,'" Advisory Committee Notes to Rule 4 Governing Section 2254 Cases, and Solis offered no evidence beyond his speculation that an *ex parte* communication occurred before the trial court ruled on his postconviction motion.

The state postconviction court also could have reasonably concluded that appellate counsel was not ineffective. The state court could have reasonably determined that appellate counsel had no reason to pursue the meritless claim that Solis's sentence was based on his arrests. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001). And the state court could have ruled that appellate counsel could not argue for the first time on appeal that the trial court violated the Confrontation Clause or that Solis was punished for maintaining that he was innocent and proceeding to trial. *See Diaz v. Sec'y for the Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005) ("Under Florida law, an error that passed without objection cannot be raised on appeal; appellate counsel, therefore, is not ineffective for failure to raise a meritless argument."). And, even if Solis's claims had been preserved for appeal, the state court could have reasonably determined that the claims lacked merit. Solis contended that Castaneda testified about a statement that Solis's brother made to Detective Espana, but Solis failed to explain where Castaneda made the alleged hearsay statement or to respond to the argument of the state that Espana was not mentioned during Solis's trial. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011). Solis argues he was

punished for maintaining his innocence, as evidenced by the trial judge's remark that he had "a serious problem with Mr. Solis' testimony." But the state court could have reasonably concluded that the trial judge's remark referred to Solis's lack of credibility and lack of remorse. *See Duke v. Allen*, 641 F.3d 1289, 1294–95 (11th Cir. 2011).

We **AFFIRM** the denial of Solis's petition for a writ of habeas corpus.