[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16491
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00372-BJD-JBT


WILLIAM JOHNSON,

                                                        Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF
CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 31, 2018)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

William Johnson, a Florida prisoner, is serving a total 15-year sentence after a jury found him guilty of burglary of a dwelling, dealing in stolen property, and false verification of ownership on a pawnbroker transaction form. He appeals the district court's denial of his 28 U.S.C. § 2254 petition.  We granted a certificate of appealability ("COA") on the following issue:

> Whether the state habeas court unreasonably applied Strickland v. Washington, 466 U.S. 668 (1984), in determining that defense counsel's failure to object to hearsay testimony involving anonymous witnesses did not rise to the level of ineffective assistance of counsel.

Johnson argues that the state habeas court unreasonably applied Strickland by concluding that his counsel's performance was not deficient and that even if it was, Johnson was not prejudiced.  Johnson also argues that the state habeas court unreasonably refused to conduct an evidentiary hearing on his ineffective assistance of counsel claim and that he was denied his right to confront witnesses against him by his counsel's failure to object to hearsay testimony.  After careful review, we affirm the district court's denial of Johnson's habeas petition.

## I.    STANDARDS

We review de novo a district court's denial of a habeas petition.  Ward v. Hall, 592 F.3d 1144, 1155 (11th Cir. 2010).  We review the district court's findings of fact for clear error and questions of law and mixed questions of law and fact de novo.  Gilliam v. Sec'y for Dep't of Corr., 480 F.3d 1027, 1032 (11th Cir. 2007) (per curiam).  Appellate review is, however, limited to the issue or issues specified

2

in the COA.  Murray v. United States, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam).  Although we have not established a strict rule that all improperly formed requests for expansion must be rejected, we generally only consider requests to expand a COA when made by motion.  Dell v. United States, 710 F.3d 1267, 1272 (11th Cir. 2013).  Additionally, we have made clear that an appellant granted a COA on one issue cannot simply brief other issues as he desires in an attempt to force both this Court and his opponent to address them.  Id.

## II.    BACKGROUND

At Johnson's burglary trial, the State presented evidence that on the day of the burglary, Johnson and a friend took the stolen items to a pawn shop and that Johnson told the pawn shop employee that the items were his in order to pawn the items.  Testifying on his own behalf, Johnson did not deny that he pawned the stolen property; rather, he claimed that he did not know that it was stolen.  Johnson testified that he agreed to pawn the property for his friend, Curtis Jackson, who accompanied him to the pawn shop.  Johnson testified that Jackson approached him with the stolen property in a shopping cart.  According to Johnson, Jackson asked Johnson to pawn the property for him because Jackson did not have any identification, which was required in order to pawn the property.  Johnson's counsel also called Officer T.M. Reed, who investigated the burglary, to testify on behalf of Johnson.  Officer Reed testified on direct that he canvassed the

3

neighborhood and did not find any evidence that tied Johnson to the burglary. On cross-examination, Officer Reed testified that two anonymous witnesses told him that two black individuals in a truck committed the burglary and that one of the anonymous witnesses said that one of the burglars was a twenty to twenty-five year old black male. Johnson's counsel did not object to that testimony. During closing argument, the State argued that Johnson, a black male in his early to mid-twenties, fit the anonymous witness's description.

### III.    DISCUSSION

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal courts may only grant habeas relief on claims previously adjudicated on the merits in state court if the state court decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). "A state court decision is 'contrary to' clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). "A state court conducts an 'unreasonable

4

application' of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id.

The Supreme Court case establishing federal law for an ineffective assistance of counsel claim is Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See Premo v. Moore, 562 U.S. 115, 121, 131 S. Ct. 733, 739, 178 L. Ed. 2d 649 (2011). To establish ineffective assistance of counsel under Strickland, a defendant must show both that (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. Failure to demonstrate either prong is fatal and makes it unnecessary to consider the other. Id. at 697, 104 S. Ct. at 2069. In determining whether counsel gave adequate assistance, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S. Ct. at 2066. "When analyzing a claim of ineffective assistance under § 2254(d), "the question is not whether counsel's actions were reasonable." Harrington v. Richter, 562 U.S. 86, 105, 131 S. Ct. 770, 788, 178 L. Ed. 2d 624 (2011). "The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of

5

the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Some conceivable effect on the outcome of the proceeding is not a reasonable probability. Id. at 693, 104 S. Ct. at 2067. To determine whether counsel's allegedly deficient performance prejudiced the defendant, we review the totality of the evidence before the judge or jury. Id. at 695, 104 S. Ct. at 2069.

"Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons— both legal and factual—why state courts rejected a state prisoner's federal claims.'" Wilson v. Sellers, 138 S. Ct. 1188, 1191–92 (2018) (quoting Hittson v. Chatman, 135 S. Ct. 2126, 2126, 192 L. Ed. 2d 887 (2015) (Ginsberg, J., concurring in denial of certiorari)). The Supreme Court recently held that, when the relevant state court decision is not accompanied by a reasoned opinion explaining why relief was denied, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." Id. at 1192. "[T]he State may rebut the presumption by showing that

6

the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision." Id.

Here, the relevant state habeas court, the Florida First District Court of Appeals, summarily affirmed the lower state court's denial of Johnson's habeas petition. Under Wilson, we assume that the court of appeals adopted the reasoning of the Florida circuit court. The Florida circuit court concluded in part that even if Johnson's counsel was deficient by failing to object to the hearsay testimony, this failure did not prejudice Johnson in light of the overwhelming evidence of Johnson's guilt. In particular, the circuit court noted that the items that Johnson pawned match the descriptions and serial numbers of the stolen property and that a video recording showed Johnson pawning these items.

The state habeas court did not unreasonably apply Strickland by determining that Johnson was not prejudiced by his counsel's failure to object to the hearsay testimony. It is true that Officer Reed's testimony that an anonymous witness described one of the burglars as a twenty to twenty-five year old black male was the only direct evidence that Johnson committed the burglary. But, as noted by the state court, the State presented significant circumstantial evidence of Johnson's guilt. Most notably, the State presented evidence that Johnson was in possession of the stolen property on the day of the burglary, took the stolen property to a pawn shop with a friend, and untruthfully told the pawn shop employee that the property

7

was his in order to pawn the stolen property.  This evidence is more than sufficient to support a conviction for burglary under Florida law. See Francis v. State, 808 So. 2d 110, 134 (Fla. 2001) (per curiam) (recognizing that the unexplained possession of recently stolen goods is sufficient to support a burglary conviction).

It is also true that the hearsay testimony that there were two burglars with a truck casts doubt on Johnson's testimony that Jackson approached him alone with the stolen property in a shopping cart and asked for his help pawning the property. For example, if Jackson and an individual other than Johnson had committed the burglary, it is unclear why that individual did not help Jackson pawn the property. But even without the hearsay testimony, Johnson was not a particularly credible witness.  Johnson admitted that he lied when he told the pawn store employee that the property was his.  According to Johnson, he thought that the property belonged to Jackson at that time.  Additionally, Johnson testified that he had four previous felony convictions.  Thus, it was not unreasonable for the state habeas court to conclude that the jury would have rejected Johnson's explanation of how he came to possess the stolen property regardless of whether the jury heard evidence that an anonymous witness said that two black individuals in a truck, including a black male in his early to mid-twenties, committed the burglary.  This is especially true because the hearsay evidence had very little prejudicial effect.  Officer Reed's testimony clearly indicated that the anonymous witnesses gave him no information

8

that led him to believe that Johnson committed the crime.  We therefore conclude that the state court's application of Strickland was not unreasonable.

Finally, Johnson's arguments that the state court erred by failing to conduct an evidentiary hearing and that his right to confront witnesses against him was violated are outside the scope of the COA granted by this Court.  Johnson did not file a motion to expand the scope of the COA and does not specifically request to amend the COA in his brief.  Thus, we decline to address these issues.  See Dell, 710 F.3d at 1272 (distinguishing the situation in which the appellate court is persuaded to expand the COA and asks for supplemental briefing on related issues from the circumstance in which the appellant simply ignores the limited scope of the COA in his brief).  Accordingly, we affirm.

**AFFIRMED.**